HILER *v.* THE STATE.

HILER
v.
THE STATE.    The prisoner should be acquitted, in all criminal cases, unless the testimony
satisfy the jury, beyond a reasonable doubt, that he is guilty.

Friday,
June 8.        ERROR to the *Parke* Circuit Court.

SULLIVAN, J.—The defendant was indicted for an assault and battery with intent to murder. The jury found him guilty of an assault and battery. Judgment on the verdict.

On the trial of the cause, the defendant's counsel moved the Court to instruct the jury, " that if after hearing all the evidence in the cause, there remained in their minds a rational doubt of the guilt of the defendant, they ought to find him not guilty." The Court refused to give the charge as asked, but they instructed the jury, " that they must be satisfied beyond a rational doubt of the guilt of the defendant, before they could find him guilty of the assault and battery with the intent to commit murder; but if the offence fell short of that, (although the consequence of a conviction might be imprisonment,) the doctrine of rational doubt did not apply; and that the jury ought to find according to the weight of evidence," &c. To this instruction the defendant excepted.

The distinction made by the Circuit Court in the foregoing instruction, is not sustained by the authorities. The principle is well settled, " that *in all criminal cases whatsoever*, it is essential to a verdict of condemnation that the guilt of the accused. should be fully proved; that neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt." 1 Stark. Ev. 5 *Am.* ed. 478. There is a ground of distinction in this respect between civil and criminal cases; but it does not exist between felonies and misdemeanors. In civil cases, the jury weigh the testimony, and after striking a fair balance, decide accordingly; but in criminal cases, the testimony must be such as to satisfy the jury beyond a rational doubt, that the prisoner is guilty of the charge alleged against him in the indictment, or it will be their duty to acquit. M'Nally's Ev. 2—4, 578. The Court erred in not giving the instruction asked for, and the judgment must be reversed.

*Per Curiam.*—The judgment is reversed and the verdict set aside. Cause remanded, &c.

*T. A. Howard* and *W. P. Bryant,* for the plaintiff.
*W. Quarles,* for the state.