HIPP *v.* THE STATE.

An innkeeper is not liable to be indicted for the offence, committed in his absence and without his knowledge by his barkeeper, of selling spirituous liquor to an intoxicated person.

The general rule is, that a master is liable in a *civil suit* for the negligence or unskilfulness of his servant, when he is acting in the employment of his master; but that he is not subject to be punished by *indictment* for the offences of his servant, unless they were committed by his command, or with his assent.

If the jury, in a criminal case, have a reasonable doubt of the defendant's guilt, they should acquit him.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—Indictment against an innkeeper, under the statute of 1832, for selling a half pint of whiskey to a man who was intoxicated. Plea, the general issue. Verdict and judgment against the defendant.

There was evidence on the trial tending to show, that the whiskey was sold by an agent of the defendant; and the Court charged the jury, that though the sale was made by a person whom the defendant had left in his tavern as barkeeper, and though it was sold without the defendant's knowledge, yet that the defendant was as guilty as if the sale had been made by himself.

To this instruction the defendant excepted; and we think it ought not to have been given. The landlord was not liable, under the circumstances, to an indictment for the act

of his barkeeper. If the defendant had commanded the offence to be committed, or had been present when it was committed, without making any objection to it, the act would have been his own, and the indictment could have been sustained.

The general rule is, that a master is liable in a *civil suit* for the negligence or unskilfulness of his servant, when he is acting in the employment of his master; but that he is not subject to be punished by *indictment* for the offences of his servant, unless they were committed by his command, or with his assent. The following is a leading case on this subject:—An indictment was found against the warden of a prison and his deputy, for the murder of a prisoner by keeping him in an unhealthy place, &c. It was proved, on the trial of the warden, that the act complained of was done by the deputy alone, without the command or knowledge of the principal. The Court held, that though the evidence showed the deputy to be guilty of the offence charged, yet that the principal was not liable. It was said by the Court in that case, that though the defendant was warden, yet it being found that there was a deputy, he was not, as warden, guilty of the facts committed under the authority of his deputy; that he should answer as superior for his deputy *civilly*, but not *criminally;* that though a sheriff must answer for the offences of his gaoler civilly, that is, he is subject in an action to make satisfaction to the party injured, yet he is not to answer criminally for the offences of his under-officer; that he only is criminally punishable, who immediately does the act or permits it to be done; Hale's P. C. 114; that therefore if an act be done by an under-officer, unless it is done by the command or direction or with the consent of the principal, the principal is not criminally punishable for it. *Rex* v. *Huggins*, 2 Ld. Raym. 1574. We have also had a cause in this Court, in which the same principle is decided. It was an indictment against a person for retailing spirituous liquors without a license. The defendant's wife, in his absence, had committed the offence; and there was no proof of his having authorised the act. The Court held that the husband was not liable. *Pennybaker* v. *The State*, 2 Blackf. 484.

The question whether the barkeeper can be indicted for the offence under consideration, can have no influence on this

case. It is sufficient for the defence against this indictment, that the statute, under the circumstances, does not apply to the defendant.

It appears that the Court refused to charge the jury, that if they had reasonable doubts of the defendant's guilt as charged in the indictment, they should acquit him. The Court ought to have given the charge. *Hiler* v. *The State*, 4 Blackf. 552.— *The United States* v. *Wilson*, 1 Baldw. Rep. 100.

There is a question made in this cause relative to the admission of certain testimony, but its examination is not necessary.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*C. B. Smith* and *J. Ryman*, for the plaintiff.
*W. Quarles*, for the state.