Nov. Term,
1855.

LEPPERT v. THE STATE.

Leppert
v.
The State.

*A.* was convicted for retailing spirituous liquor. There was evidence tending to show that the liquor was *purchased* for a medicinal purpose, but it appeared not to have been *sold* for that purpose. *Held*, that the conviction was proper.

*Tuesday, December* 18.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Complaint against *Leppert* for retailing to *Chester Monk*. Trial upon the general issue and conviction.

The bill of exceptions in the case states, that " *Chester Monk* was produced and sworn by the prosecutor, and testified as follows: 'I reside about two miles from *Yorktown*, in this county. I bought liquor of the defendant, about the 10th day of *December*, 1853. He drew it out of a barrel in a quart cup, and then poured it into a glass. I paid 5 cents for it. I was sick all the fall and winter with the ague. Dr. *Johnson* commanded me to take liquor. I got a gallon and put roots into it. Dr. *Johnson* told me I might use liquor to strengthen me, and that it would be good for me. The doctor said it would be good for me. I bought the liquor because I was not well, and because Dr. *Johnson* told me it would do me good. I might have drank it anyhow. The defendant is a farmer. He does not keep a grocery. I never saw other persons come and drink at defendant's as I did.' This was all the testimony given in the cause."

Upon this testimony the defendant was convicted.

We think, according to the evidence, that the liquor in question was not *sold* for a medicinal purpose, though it may have been *purchased* for such, and that the defendant was rightly convicted. It does not appear that the object for which the liquor was purchased was made known to him. See *Donnell* v. *The State*, 2 Ind. R. 658.

*Per Curiam.*—The judgment is affirmed with costs.

*W. C. Wilson*, *W. F. Lane* and *J. M. La Rue*, for the appellant.

*J. L. Miller*, for the state.