## LAUER *v.* THE STATE.

### FOUR CASES.

QUÆRE.—Whether a parent can authorize another to sell liquor to his minor child, so as to shield the person selling from the penalty of the law.

On the trial of an indictment for selling liquor to a minor, the evidence showed that the sales were made by a bar-tender, without the knowledge or consent of the defendant, either expressed or implied.

*Held*, that the evidence did not authorize a conviction.

APPEAL from the *Marion* Circuit Court.

FRAZER, J.—Indictment for selling liquor to a person under twenty-one years of age. Plea, not guilty; verdict and judgment for the state.

Constitutional questions like those in *Hingle* v. *The State*, (*ante* p. 35,) decided at this term, are settled by that case.

The evidence clearly proved the sales charged in the several indictments, but that on one occasion, being the first time that the boy was furnished liquor at the defendant's saloon, and the only time that it was shown the defendant had any knowledge of it, the liquor was furnished at the request of the boy's father, who was present. The boy was sick at the time, and the father made the purchase of whisky, with pepper in it, for the boy. To this both the boy and the bar-keeper of the defendant testified. The latter testified, also, that the father told him to let the boy have what he wanted; but whether this was a general permission, or only related to that one occasion, is not clear. Subsequently the bar-keeper sold ale to the boy on as many occasions as there are indictments, and continued to do so until the father expressly forbade it. There was no proof that the defendant had any knowledge of these sales, or that he authorized them; but, on the contrary, it appeared that he had expressly instructed the bar-keeper not to sell to persons under age, and not to sell in violation of the law. It is contended that the evidence did not support the verdict.

The case in hand furnishes us no occasion to decide upon the soundness of the broad proposition argued, that a parent may give his infant son liquor to drink without criminal liability. Whether he can authorize another to do it, and thus shield that other from liability, when the law in general terms, forbids it under penalty, is a different question; but even that is not in the present case.

But the cases must be reversed, because there was nothing in the evidence from which the inference could be drawn that the defendant either did the acts charged in the indictment, or that they were done by his authority or consent, express or implied, or even with his knowledge. We must not hold men responsible for crimes committed by others, without some proof that they either procured, counseled or advised their perpetration. We know full well, that in this class of cases the guilty may sometimes escape for a failure of this proof, and that it may sometimes be impossible to produce it in cases where it exists. But these considerations are also applicable to every other class of crimes. The guilty frequently go unpunished for lack of proof, but this is better than that the innocent shall be punished as well as the guilty. The law upon this subject is well settled. It was ruled in this state as early as 1831, in *Pennybaker* v. *The State,* 2 Blackf. 484, and this was confirmed in *Hipp* v. *The State,* 5 Blackf. 149. If there had been evidence that on other occasions the bar-keeper had sold to infants, with the defendant's knowledge, and that the latter made no objection, or still continued him in his employ, and the jury had inferred therefrom that he did so by the defendant's authority, we would not be authorized to interfere. But there was no such evidence in these cases.

The bar-keeper was asked, on cross examination, if he did not frequently go into the saloon on Sunday, and sell liquor there. The defendant's objection to this question was overruled, and he excepted. The answer was that for the purpose of reaching another room, to which access could be had only through the saloon, he did frequently go into the saloon

on the sabbath, but did not frequently sell liquor on that day. The defendant urges that the evidence was irrelevant, and tended to create prejudice against him. The answer to the question could not, we think, have that effect, as it was in the negative. Had it been in the affirmative, and followed by evidence that the defendant knew that such was his bar-keeper's frequent practice, and permitted it, we think it would have tended to show that the instructions given him, not to sell liquor in violation of law, were. not given to be obeyed, and were intended merely for use in evidence to avoid just liability. The nature of the. answer given to the question put, probably furnished the reason which induced the prosecuting attorney to desist from further search in that direction.

The judgments are reversed, and the causes remanded for new trials.

*J. W. Gordon,* for appellant.