## STATE *vs.* JOHN D. SMITH.

An indictment against S. charged that wilfully and unlawfully he did have in his posses-
sion, with intent to sell and exchange, and did offer for sale and exchange, certain adul-
terated milk, to which water and other foreign substances had been added. *Held,* that
evidence of the possession of such adulterated milk by a servant of S. with intent to sell
or exchange the same, was not sufficient to convict S. without other proof that the ser-
vant in so having said milk was acting for and in accordance with the will of his mas-
ter, the said S.

Evidence of a guilty intent and a guilty knowledge on the part of S. held not necessary to
warrant a conviction, the intent of the act being that the seller of milk shall take upon
himself the risk of knowing that the article he offers for sale is not adulterated.

INDICTMENT under section 4 of chap. 829 of the Statutes,
which reads as follows: " Sec. 4. Whoever sells or exchanges,
or has in his possession with intent to sell or exchange, or offer
for sale or exchange, adulterated milk, or milk to which water or
any foreign substance has been added, shall for each offence be
punished by a fine of not less than twenty, nor more than one
hundred dollars." At the trial of the case at the Court of Com-
mon Pleas for this county at its March Term, 1871, before Mr.
Justice *Burges* and a jury, a verdict of guilty was rendered
against the defendant, whereupon he alleged exceptions, which
are fully stated in the opinion of the court.

*Miner & Cooke,* for the defendant, in support of the exceptions,
cited *State* v. *Luther,* 8 R. I. 151.

The Attorney General, *Willard Sayles, Esq.,* for the state,
*contra,* cited Whart. Crim. Law, book 1, § 152; 2 Lead. Crim.
Cas. 293; *Commonwealth* v. *Farren,* 9 Allen, 489; *Common-
wealth* v. *Nichols,* 10 Allen, 199; *Commonwealth* v. *Waite,* 11
Allen, 264.

DURFEE, J. The defendant has been found guilty on an in-
dictment charging that wilfully and unlawfully, he did have in
his possession with intent to sell and exchange, and did offer for
sale and exchange, certain adulterated milk, to which water and
other foreign substances had been added.

On the trial in the Court of Common Pleas the counsel for the
defendant requested the court to charge the jury, " that in order
to convict the defendant there must be proof that adulterated
milk, or milk to which water or any foreign substance had been
added, was in the possession of the defendant, proof that it was

in the possession of his servant is not sufficient." The court refused to comply with this request, and the defendant excepted.

If the counsel meant by this request that the defendant could not be lawfully convicted without proof that the milk was in his own immediate possession, we think the court did not err in refusing to comply with it. But if he meant not simply this, but also, as the closing words seem to import, that in order to convict the defendant it was necessary for the government to prove something more than the mere fact that the milk was in the possession of a person who was the defendant's servant, the exception raises a question which is entitled to more careful consideration. Giving the request this meaning, as we are inclined to do, the refusal would have left the jury to suppose that the defendant could be convicted upon the mere proof that the milk was found for sale in the possession of his servant, without any evidence to show that it was there with his consent or direction. Could a verdict rendered against the defendant, under such a view of the law, be sustained?

As a general rule, a master is not answerable for the criminal acts of his servant, unless such acts were done by the servant, not only while in his service, but also in pursuance of his commands, or at least with his acquiescence. *Rex* v. *Huggins*, 2 Stra. 882; Bishop on Crim. Law, §§ 393, 403. To this rule certain exceptions have been made in the case of libel, *Rex* v. *Gutch*, Moody & M. 433; of nuisance, *The Queen* v. *Stephen*, Law Rep. 1. Q. B. 702; in a case where the master was engaged in the business of harboring or concealing smuggled goods, and the servant did an illegal act in furtherance of the business, *Att'y Gen.* v. *Siddon*, 1 C. & J. 219; and in a case where a master baker directed the adulteration of his bread with alum, and his servant used the alum to such an extent as to make the bread unwholesome, *The King* v. *Dixon*, 3 M. & S. 11. But we do not find among the exceptions to the rule any case which is similar, in all respects, to the case now before us.

In *The State* v. *Dawson*, 7 Misso. 360, the defendant was indicted under a statute prohibiting any shopkeeper, trader, or other person from purchasing, by himself or any other person, directly or indirectly, corn, rice, &c., from any slave not having a ticket or permit to deal in them. It appeared on the trial that

the defendant kept a retail store, and that a slave had been seen delivering corn to his clerk who had the care of the store. The court held the evidence insufficient to convict the defendant, there being no proof that he was cognizant of the act of his clerk, or that he had given any general order or direction in pursuance of which the act was done. In *Hipp* v. *The State*, 5 Blackf. 149, an innkeeper was indicted for selling whiskey, in violation of a statute, to a man who was intoxicated. It appeared that the sale was made by a person who acted as barkeeper, and the court charged the jury that, if the sale was made by a person left by the defendant in his tavern as barkeeper, the defendant should be convicted, even though the sale was without his knowledge. But upon motion for new trial it was held that the charge was erroneous, there being no proof that the sale was pursuant to any direction from the defendant. And see *Barnes* v. *The State*, 19 Conn. 398.

If, under the statute under which this indictment has been found, a master can be convicted upon the mere proof of possession with intent to sell or exchange by his servant, then the master may be punished for an act in which he not only did not participate, but which was done contrary to his orders, and for the servant's own private gain. We are not prepared to adopt this view of the statute. In order to charge the master, where the milk is found in possession of a servant, we think there should be evidence, in addition to the proof of possession for sale or exchange by the servant, that the servant in having it so for sale or exchange was acting for and in pursuance of the will of the master, and that such being the proof, the master might be convicted, for in such a case the possession of the servant is in law the possession of the master. We think, therefore, that the court should have instructed the jury that proof of possession by the servant was not sufficient to convict the defendant: adding, of course, if there were other evidence tending to show that the servant, in having the milk for sale or exchange, was acting for and in pursuance of the will of the master, such further instructions as would enable the jury properly to decide in view of such other evidence.

The counsel for the defendant further asked the court to charge the jury that there must be evidence of a guilty intent on

the part of the defendant, and of a guilty knowledge, in order to convict him, which requests the court refused. Our statute, in that provision of it under which this indictment was found, does not essentially differ from the statute of Massachusetts, and in Massachusetts, previous to the enactment of our statute, the Supreme Judicial Court had determined that a person might be convicted although he had no knowledge of the adulteration; the intent of the legislature being, that the seller of milk should take upon himself the risk of knowing that the article he offers for sale is not adulterated. *Commonwealth* v. *Farren*, 9 Allen, 489. We think our statute should receive the same construction, and that consequently the exceptions based upon the refusal of these requests should be overruled.

A new trial is granted for error in the matter of the first exception above considered.                    *New trial granted.*