## ANDERSON v. THE STATE.

EVIDENCE.—*Criminal Law.*—*Reasonable Doubt.*—*Selling Intoxicating Liquor to Minor.*—Where, on the trial of an indictment for selling intoxicating liquor to a minor, the evidence showed that the person who sold the liquor was, at the time of the sale, behind the counter of the saloon of the defendant, acting as bar-keeper, but did not also show that such person was the agent of the defendant, or was employed by him, or that the defendant had any knowledge of the sale;

*Held*, that the evidence was insufficient to show the guilt of defendant beyond a reasonable doubt.

APPEAL from the Parke Circuit Court.

PETTIT, J.—This was an indictment for selling liquor to a minor. Plea of not guilty, trial by the court, finding of guilty, motion for a new trial overruled, exception, and judgment on the finding. The motion for a new trial was for this cause: first, "the finding of the court is not sustained or warranted by the evidence in the cause." This was all the evidence in the cause: John Stryker, the person to whom the liquor was alleged to have been sold, testified:

"At another time different from the 24th day of December, 1870, and within two years previous to the finding of this indictment, I bought a drink of liquor at Anderson's saloon, one door west of the tavern; I do not know who the person was that let me have the whiskey; I am acquainted with defendant, Anderson, also with Snyder and Joiner; it was not either Joiner or Snyder who sold me the whiskey; Anderson may have been present; I did not see him; I suppose Anderson was some place about the house; the person who let me have the liquor was a heavy-set man; it was not the defendant, Anderson; the liquor was bought by me in Rockville, Parke county, Indiana; and I am under twenty-one years of age."

Cummings, sheriff, and Gregg, deputy auditor of the county, testified that the place where the liquor was bought was the place Anderson obtained license to sell in, and that the defendant is the person who got license, and the saloon was carried on in defendant's name, and by him.

Stryker recalled: "The person of whom I bought the liquor was behind the counter, acting as the bar-keeper; I do not know whether he put the money paid into his pocket or into the drawer."

It was admitted by the State and the defendant that the defendant, at the time the liquor was sold, had license to retail. Stryker stated that he laid the money on the counter, but does not know whether the bar-tender put the money in his pocket or in the drawer. He was acting as bar-tender. "I was in the habit of buying liquor at defendant's house; can't say how many times."

We think there is no evidence in this case to warrant or justify the finding and judgment in it, and on the authority of *Hipp* v. *The State*, 5 Blackf. 149, and *Lauer* v. *The State*, 24 Ind. 131, the judgment must be reversed.

The evidence does not show that the person who sold the liquor was the agent of Anderson, or employed by him, or that Anderson had any knowledge of the sale.

This is not a civil case, where the mere preponderance of the evidence is to govern, but a criminal case, or a misdemeanor, in which the evidence must show guilt beyond a reasonable doubt. In this case, the evidence is such not only as would create a doubt of guilt, but it nearly conclusively shows that the defendant was not guilty.

The judgment is reversed, and cause remanded for further proceedings.

*S. F. Maxwell, S. D. Puett, J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellant.

*B. W. Hanna,* Attorney General, for the State.