Neideiser *v.* The State.

## NEIDEISER *et al. v.* THE STATE.

1. CRIMINAL LAW. *Violating laws against tippling. Indictment without prosecutor.* Under the provision in the Code that the laws against tippling shall be liberally construed, so as to effectuate the objects had in view, it is held that retailing liquors on Sunday is one of the offenses against tippling, and an indictment may be sent in for the offense without a prosecutor.

2. SALES BY BAR-TENDER WITHOUT KNOWLEDGE OF OWNER. It should be left to the jury to say, from the circumstances, whether or not the owner had knowledge of the unlawful selling. It was error to tell the jury that the facts stated in the charge would, as a matter of law, raise a presumption of knowledge. What circumstances would be sufficient to establish the fact of knowledge was alone for the jury to determine. The owner would not be guilty without knowledge of the fact.

Code cited: Secs. 5097, 4860.

### FROM SHELBY.

No record found.

McFARLAND, J., delivered the opinion of the court.

These are three indictments tried together, by consent, for retailing spirituous liquors on Sunday.

The first question made is, whether this is one of the cases in which an indictment may be sent in by an attorney-general without a prosecutor. Sec. 5097 of the Code provides that a prosecutor is dispensed with, and the district attorney may file bills of indictment without a prosecutor in certain cases, and among other things is enumerated "a charge of violating the laws against tippling." It is argued that "tippling" and retailing liquors on Sunday are differ-

ent offenses. There are various offenses which may be committed by the sale of spirituous liquors. In the Code they are embraced in the same chapter, principally in the same article. Among others is the offense of retailing spirituous liquors on Sunday. There have been various other laws passed since the Code, which we need not refer to. We would be at a loss to know which one of the various forms of these offenses comes within the exact definition of tippling, or to say that one is any more or less tippling than another.

The language above quoted is upon a charge of violating the *laws* against tippling. From this we would understand it is not confined to any one particular law. Sec. 4860 says that the provisions of this article are to be construed liberally, so as to prevent evasions and subterfuges, and to effectuate the objects had in view. This construction we are willing to give, and hold that retailing on Sunday is one of the offenses of "tippling," and an indictment may be sent in for the offense without a prosecutor.

The proof shows that the spirits were sold, not by the defendant himself, but by a bar-tender in his saloon; that the defendant was not present, but that his place of business was, and had been for twelve months, in Shelby county. It was not directly proven that he had knowledge of the commission of the offense. The court below told the jury that if the proof should show that the defendant was the proprietor of the saloon where the liquor was sold, and it was sold by the regular bar-keeper of the defend-

ant, and that defendant's regular business was keeping said saloon, and relied on it for a livelihood, then if, in addition to this, the proof shows that the defendant lived and was in the city of Memphis at the time of the sale by the bar-keeper, then the sales, under this state of facts, would be *prima facie* evidence that they were made with the knowledge of the defendant.

The statute is, "no licensed grocer or other person shall retail spirituous liquors on Sunday."

It is a general principle that no one shall be held criminally responsible for the act of another, unless he counsel, or aid, or consent to the act, except it might be in cases where the statute is so framed as to make a man criminally responsible for failing to prevent the crime of others.

The bar-keeper would certainly be guilty of the offense, and if the owner or proprietor had knowledge that the retailing was going on, and either directly permitted it or tacitly consented to it, by failing to interfere and prevent further sale, he would certainly be guilty; but if, without his knowledge and against his consent and directions, the bar-tender should, upon his own motion, commit the offense, the proprietor would not be guilty. It would not be necessary, in a case like this, to prove positive knowledge on the part of the owner; it should be left to the jury to say, from the circumstances, whether or not the owner had knowledge. If the business was being carried on to such an extent and in such a manner as that it must have been known to him; if it was continued

for such a length of time, or so frequently, as to show that the owner should, with proper diligence, have discovered what was being done; or if he resided so close to the saloon where the liquors were sold as to make it probable he must have known it; from these or like circumstances, a jury would be well authorized in finding, as an inference of fact, that the sale was with the knowledge and consent of the owner. The law would certainly impose upon the proprietor the duty of being diligent and watchful to prevent these violations of the law so likely to occur. But it was error to tell the jury that the facts stated in his charge would, as a matter of law, raise a *prima facie* presumption of knowledge. The sufficiency of the proof is a question for a jury. The inference to be drawn from a fact proven is not a presumption of law, but an inference of fact. It is not for the judge to tell the jury how much proof will be sufficient. The fact to be established was, that the sale of the spirits was with the knowledge, consent or approbation of the defendant. What circumstances would be sufficient to establish this fact was alone for the jury to determine.

The general principle that, under statutes similar to these, to convict the owner for a sale by his servant, it must be shown that the owner had knowledge of or consented to the act, has been decided by the courts of Indiana: 5 Blackf., 149; 24 Ind., 131.

For this error we are constrained to reverse the judgment and remand the cause for a new trial.