## HANSON *v.* THE STATE.

LIQUOR LAW.—*Sale to Minor by Bar-Tender.*—Where a bar-tender in charge of a saloon, in the absence of the proprietor, who had a license or permit, and without his knowledge, sold liquor to a minor;

*Held,* that the proprietor was not liable for a violation of section six of the act relating to the sale of intoxicating liquors, Acts 1873, p. 154.

From the Marion Criminal Circuit Court.

*W. W. Leathers* and *G. H. Campbell,* for appellant.

*R. P. Parker, H. Lee, J. B. Elam,* and *J. C. Denny,* Attorney General, for the State.

DOWNEY, C. J.—This was an indictment against the appellant, charging that on the 7th day of June, 1873, at, etc., he did unlawfully sell to Edward Coval, who was then and there a person under the age of twenty-one years, one pint of intoxicating liquors, contrary, etc. On arraignment, the defendant pleaded not guilty. The issue was tried by the court, and there was a finding against the defendant. He moved for a new trial, on account of the insufficiency of the evidence. His motion was overruled, and sentence was pronounced against him. The error assigned is, among others, the overruling of the motion for a new trial. The sixth section of the act relating to intoxicating liquors, Acts 1873, p. 154, is as follows: "It shall be unlawful for any person, by himself, or agent, to sell, barter, or give intoxicating liquors to any minor, or to any person intoxicated, or to any person who is in the habit of getting intoxicated." By the fourteenth section of the act, the punishment for violating the sixth section of the act is a fine of not less than ten nor more than fifty dollars, or imprisonment in the county jail not less than ten nor more than thirty days.

The evidence in the case that we are considering, which was that of the person who purchased the liquor, shows that he was under twenty-one years of age at the time of the trial; that on the 7th day of June, 1873, in Marion county, Indiana, and in the city of Indianapolis, he went into the

saloon of the defendant, where liquors were sold, with two other persons, who were adults, and requested of the defendant's bar-keeper and agent, in the absence of the defendant, to furnish him a cigar and the other two persons whiskey; that the cigar and whiskey were furnished as requested; that the two persons with him drank the whiskey so furnished, but he did not drink any of it, or any other intoxicating liquor, but paid the defendant's bar-tender for the cigar, which he smoked, and for the whiskey drank by the other two persons.

It is claimed by counsel for the appellant, that this evidence is insufficient in two essential particulars: 1st. That the sale was made in the absence of the appellant, and, so far as the evidence shows, without his knowledge; and, 2d. That the witness did not purchase any intoxicating liquor to drink himself, which was essential to a conviction.

Perhaps it may be fairly inferred from the evidence that the appellant had a license or permit to sell liquors. It is shown that the place was a saloon where liquors were sold, and there was a bar-keeper there. Assuming, then, that the defendant was lawfully engaged in the business of retailing intoxicating liquors, that the bar-tender was his agent, and, in the absence and without the knowledge of the defendant, sold the liquor to the minor, the first question is, does this show a violation of section six by the defendant? The section on which the indictment is founded makes it penal if the defendant, by himself or his agent, sold to the minor. But can we presume that the defendant, when he left the bar-tender in charge of the bar, made him his agent to sell to a minor, an act which would be in violation of law? There is no evidence that he authorized any such sale. If that fact can be found, it must result as an inference from the fact that the bar-tender was left in charge of the bar. We think that no such inference, from that fact alone, can arise. If it had been shown that the defendant had authorized and instructed his bar-keeper to sell to the infant in question, or to infants generally, or if he had been pres-

ent authorizing or assenting to the sale to the minor, the case would be different. As the evidence does not show that the bar-tender was the agent of the defendant to make the sale in question, we think that, on this point in the case, it was not sufficient to justify the finding of the court. We need not decide what would have been the case had the indictment been against the bar-keeper who sold the liquor. In *Lauer* v. *The State*, 24 Ind. 131, a case involving this question, it was said: "But the cases must be reversed, because there was nothing in the evidence from which the inference could be drawn that the defendant either did the acts charged in the indictment, or that they were done by his authority or consent, express or implied, or even with his knowledge. We must not hold men responsible for crimes committed by others, without some proof that they either procured, counselled, or advised their perpetration. We know full well that in this class of cases the guilty may sometimes escape for a failure of this proof, and that it may sometimes be impossible to produce it in cases where it exists. But these considerations are also applicable to every other class of crimes. The guilty frequently go unpunished for lack of proof, but this is better than that the innocent shall be punished as well as the guilty. The law upon this subject is well settled. It was ruled in this State as early as 1831, in *Pennybaker* v. *The State*, 2 Blackf. 484, and this was confirmed in *Hipp* v. *The State*, 5 Blackf. 149. If there had been evidence that on other occasions the bar-keeper had sold to infants, with the defendant's knowledge, and that the latter made no objection, or still continued him in his employ, and the jury had inferred therefrom that he did so by the defendant's authority, we would not be authorized to interfere." It is doubtful whether the fact that the section in question expressly makes a sale by the agent criminal, as well as one made by the defendant himself, creates any material difference between this section and the sections in former laws on the subject, since it was held under such former laws that the vendor might be convicted, if it appeared

that the sale was made by him through his agent, it appearing that the particular sale was authorized by him.   One who sells intoxicating liquor by his agent, duly authorized thereto, must be regarded as selling it himself. *Molihan* v. *The State*, 30 Ind. 266.

The other ground taken against the conviction in this case raises the question whether, if a minor purchase liquor, not to be drank by himself, but by others who are adults, the person selling to him is guilty of a violation of section six. That the selling in such a case is within the letter of the section is clear enough.   But the question is, is it within the mischief against which it was intended to guard?   Laws are not to be literally construed when such a construction will carry them beyond the legislative intention.   As it is not necessary in this case that we should decide this question, we leave it undecided.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial.