## O'LEARY *v*. THE STATE.

LIQUOR LAW.—*Sale by Agent.*—Under an indictment against a saloon keeper
for selling intoxicating liquor to one he knew to be in the habit of becoming
intoxicated, the defendant is not liable where the sale was made in his absence,
by his bar-tender, without his knowledge or consent, and against his express
direction.

From the Marion Criminal Circuit Court.

*W. W. Leathers*, for appellant.

*J. C. Denny*, Attorney General, and *R. P. Parker*, Prose-
cuting Attorney, for the State.

WORDEN, J.—This was an indictment against the appel-
lant for selling intoxicating liquor to one James Anderson, to
be drank on the premises of the appellant, the said James
Anderson being in the habit of becoming intoxicated, as the
appellant well knew.   There was a trial, verdict of guilty,
and judgment, over motions for a new trial and in arrest of
judgment.

The evidence shows that the defendant was a saloon
keeper in the city of Indianapolis ; that he had given orders
not to sell to Anderson any liquors ; that the liquors sold to

him were sold by a bar-tender of the appellant, in the absence of the latter and without his knowledge or consent, and against his express direction.

On this state of facts the conviction cannot be sustained. The same question, in principle, was recently decided in the case of *Hanson* v. *The State*, 43 Ind. 550. See, also, the cases of *Klare* v. *The State*, 43 Ind. 483, and *Anderson* v. *The State*, 39 Ind. 553.

A question is made as to the sufficiency of the indictment. No motion to quash was made, but the question was raised for the first time on the motion in arrest. As we reverse the judgment for error committed in overruling the motion for a new trial, we deem it unnecessary to pursue the record any further, to ascertain whether any error was subsequently committed.

The judgment below is reversed, and the cause remanded for further proceedings.