## WREIDT *v.* THE STATE.

CRIMINAL LAW.—*Sale of Intoxicating Liquor Without Permit.*—A sale of intoxicating liquor without a permit, at any hour of the day, where the liquor was suffered to be drank on the premises, was an offence under the liquor law of 1873.

SAME.—*Practice.*—*Appeal.*—Where the defendant in an indictment of several counts does not move the court below to require the State to elect

upon which count she would seek a conviction, he can not, on appeal, object to a finding upon the whole indictment.

SAME.—*Evidence.—Name of Witness.—How Proved.—Bill of Exceptions.*—The recital of the record (by bill of exceptions) that a certain named person was called as a witness and testified is not evidence on the trial; and where the name of the prosecuting witness does not otherwise appear, he not being identified in the evidence proper as the person named in the indictment, his name is not proved. DOWNEY, J., dissented.

SAME.—*Name.*—The name of the person to whom liquor was sold is a part of the description of the offence, and must be strictly proved.

SAME.—*Guilty Knowledge.*—Where there is nothing to fix upon the defendant guilty knowledge of the sale of liquor in his saloon by another person behind the counter, and he was neither present at nor approved of the sale, the charge of selling liquor by the defendant is not proved.

From the Marion Criminal Circuit Court.

*Harrington & Francisco,* for appellant.

*C. A. Buskirk,* Attorney General, *J. M. Cropsey,* Prosecuting Attorney, and *R. D. Doyle,* for the State.

BIDDLE, J.—Prosecution by indictment for selling intoxicating liquor. The indictment contains two counts. The first count charges the sale to have been made without a permit, and suffering the liquor to be drank on the premises, and avers that the sale was made after nine o'clock in the evening and before the hour of twelve o'clock at night. To this count there was a motion to quash, which the court overruled, and we think correctly. A sale without a permit, at any hour of the day, where the liquor was suffered to be drank on the premises, constituted the offence; and we can not see how a sale at any given hour of the day, when it would be unlawful at all hours of the day, could change the legal effect of the indictment.

The appellant pleaded not guilty, submitted to a trial by the court, and had a finding upon the whole indictment. Because the court did not find separately upon each count, the appellant complains; but we think, as he did not move the court to require the State to elect upon which count she would seek a conviction, that there is no error, as to that, in the finding.

The court found the appellant guilty. A motion for a new trial was overruled, exception taken, and an appeal to this

court. The evidence is before us in a bill of exceptions. Oliver Price was called as a witness for the State, and testified as follows:

" I was at the defendant's saloon on the night of the 8th day of December, 1874; I went there between ten and eleven o'clock; I purchased a drink of gin there; the defendant keeps a saloon; I paid ten cents for the gin, and drank it there on the premises of defendant, at his saloon; I saw defendant standing in his saloon when I went in; I bought and drank the gin on his premises, in the city of Indianapolis; don't know in what county; it was in this State; I don't know whether gin is intoxicating, never drank enough to know."

Cross-examined: "I did not buy the gin of Wreidt; I bought it of a young man, who handed it to me from behind the counter, and I paid him; Wreidt did not sell it to me; I don't know where Wreidt was when I called for, got, and drank and paid for the gin; I saw Wreidt when I went in; do not know where he went to."

The State here rested her case. Charles Wreidt, the defendant, being sworn, says:

" I never saw the witness Price till I saw him in this court in this case; I did not sell him a drink of gin on the 8th of December, 1874; I did not know of any one selling him a drink of gin at my saloon at any time; I keep an eating restaurant in connection with my saloon."

This was all the evidence given in the case.

We think this evidence does not sustain the finding. It does not show that the liquor was sold to Oliver Price. True, the record recites in the bill of exceptions that Oliver Price was called as a witness and testified; but this is not evidence on the trial. In the evidence proper, the name of Oliver Price does not occur. Nor does the evidence show that the sale was made by the appellant, nor even by his agent. It shows that it was made by a young man behind the counter. Neither the presence of the appellant at the sale, nor his approval of the act, is shown; nothing to fix upon him the guilty knowledge of the offence. Leaving out the evidence on behalf of the

defence, the State has not proved the charge made against the appellant.

No safe conviction can be had, in a criminal case, unless the State proves every material fact necessary to constitute the offence charged, by evidence which excludes all reasonable doubt of the guilt of the accused. The name of the person to whom the liquor was sold is a part of the description of the offence, and must be strictly proved.

The judgment is reversed, and the cause remanded, with directions to grant the motion for a new trial.

DOWNEY, J.—This case is reversed on two grounds. The first is, that it does not appear, from the evidence, that the liquor was sold to Oliver Price, the person named in the indictment. I do not doubt that the evidence must show this, but I think it does appear with reasonable certainty in the bill of exceptions. That part of the bill of exceptions is as follows: "And to sustain the issues on the part of the State, Oliver Price, a witness for the State, being sworn, testified as follows : ' I was at the defendant's saloon,' " etc. The evidence is then as set out in the foregoing opinion. The supposed defect in the evidence is, that it does not sufficiently appear that it was Oliver Price who testified to having purchased the liquor. It should not be supposed that the bill of exceptions is untrue when it states that Oliver Price appeared on the witness stand, and was sworn and testified to the purchase. The bill of exceptions, it should be borne in mind, was prepared and made by the appellant, the defendant below. He wrote in the bill of exceptions that it was Oliver Price who appeared and testified, and at his request the judge signed the bill of exceptions. Now he insists that what he put in the bill of exceptions, as to the name and identity of the witness, is not true, and he is allowed the benefit of the objection. I can not think that this is a correct ruling.

The other ground on which the judgment is reversed is, that the evidence does not show that the sale was made by the defendant, or by his agent; that it shows that it was made

by a " young man " behind the counter ; and that neither the presence of the appellant at the sale nor his approval is shown, nothing to fix upon him the guilty knowledge of the offence. If the jury had no right to make any inferences from facts testified to by the witnesses, the position might be correct, for no one swore that the defendant delivered the liquor or received the pay for it, or that he expressly authorized the sale. But it is the province of the jury, or of the court acting as a jury, in the trial of questions of fact, to make all reasonable and fair inferences which may be properly drawn from the facts proved. The leading facts proved are, that the defendant owned and kept a saloon ; there was a counter in it, and a barkeeper (young man) behind the counter. Between ten and eleven o'clock at night, Oliver Price went into the saloon ; the defendant was there ; Price called for the liquor ; it was handed to him by the young man who was behind the counter, and he drank it in the saloon. All this time the defendant was present, for there is no evidence that he went out of the room. The witness saw the defendant in the saloon when he went in, but says he does not know where he was when he called for, got, and drank and paid for the gin. But this does not prove that the defendant had gone out.

The defendant had no permit, and if he had, it did not authorize him to sell at the hour named. Why was he keeping a saloon, unless to sell liquor ? Why did he have it open at the time mentioned ? Why was he there ? Why did he have his " young man " behind the counter ? Why was the gin there for sale ? Can it be supposed that the young man was carrying on the business on his own account in the defendant's saloon ? Certainly not. I think the facts proved, and the inferences properly deducible from them, clearly show that the case is one where, according to the uniform rule of this court in deciding upon the sufficiency of the evidence, the judgment should not be disturbed.