## MITCHELL v. THE STATE.

LIQUOR LAW.—*Criminal Law.—Idem Sonans.*—Proof of an unlawful sale of intoxicating liquor to one "*Hairholts*" will not support an indictment charging an unlawful sale to one "*Hairholser.*"

SAME.—*Sale for Medicinal Purposes.*—The question as to whether or not a sale of intoxicating liquor was made for medicinal purposes, is one for the jury trying the case.

From the Huntington Circuit Court.

*L. P. Milligan, A. Moore, J. T. Alexander* and —— *Hat-field,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

PERKINS, J.—Indictment against James Mitchell, for retailing without license.

The charge in the indictment is, that he, on, etc., at, etc., "did then and there unlawfully sell one gill of intoxicating liquor to one John Hairholser, for the price of ten cents," said Mitchell not being licensed, etc.

The defendant was arraigned, pleaded not guilty, was tried by a jury, and convicted.

A motion for a new trial was denied, and a fine imposed upon the defendant.

The motion for a new trial was as follows:

"Defendant moves the court for a new trial in the above entitled cause:

"1. Because the verdict of the jury is not sustained by sufficient evidence; and,

"2. Because the verdict of the jury is contrary to law."

The assignment of errors we copy:

"1. The court erred in overruling the appellant's motion for a new trial.

"2. The record fails to show that the indictment in said cause was returned into open court, of the proper court and county."

There is nothing in the second assignment of error. The record shows that the grand jury of the county, on the 21st day of March, being the fourth day of the March term, 1878, of the Huntington Circuit Court, while the court was in open session, returned the indictment in this case, and that, immediately upon its return, the defendant was arraigned upon it, pleaded not guilty, and was tried and convicted.

The first error is well assigned. The motion for a new trial should have been sustained.

On the trial upon this indictment, it was necessary to a conviction, that it should be proved that the defendant sold liquor, illegally, to John Hairholser. *Wreidt* v. *The State*, 48 Ind. 579.

If there was proof of such sale to any particular person, in this case, that person was John Hairholts. These names are not *idem sonans*, and do not indicate the same person. Bicknell Crim. Prac. 152; *Mitchell* v. *The State, ante*, p. 276.

It is claimed that the sale was for medicinal purposes. On another trial, this will present a question for the jury. *Donnell* v. *The State*, 2 Ind. 658; *Leppert* v. *The State*, 7 Ind. 300; *Thomasson* v. *The State*, 15 Ind. 449; *Jakes* v. *The State*, 42 Ind. 473.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.