THE STATE, EX REL. DENNEY, ET AL. *v.* LEACH.

[No. 2,112.   Filed March 10, 1897.]

INTOXICATING LIQUORS.— *Sales Made by Bartender.*— *Liability of Principal.*—*Statute Construed.*—A saloonkeeper is not liable on his bond, under the provisions of section 7279, Burns' R. S. 1894, for the payment of fines and costs assessed against his bartender for an unlawful sale of intoxicating liquor, made by such bartender without the knowledge or consent of his principal.

From the Sullivan Circuit Court. *Affirmed.*

*Charles D. Hunt* and *W. H. Bridwell,* for appellants.

*A. D. Leach* and *John S. Bays,* for appellee.

COMSTOCK, C. J.—The appellants, county officials, brought this action against appellee on a bond, alleged to have been executed by him for the purpose of obtaining a license to retail intoxicating liquor. It is alleged that the bond has been lost, that no copy of it is in existence; that the names of the sureties are unknown, and that therefore the principal only is sued.

The action was brought to collect a fine, and costs assessed against the bartender of appellee for an unlawful sale of intoxicating liquor.

The complaint alleges that, after the defendant had executed his bond, as required by statute, and obtained his license, his barkeeper (naming him), at the place where the defendant had been licensed to sell, sold intoxicating liquor to one (giving his name), who was at the time a person under twenty-one years of age; that said barkeeper was indicted therefor by the proper grand jury, arrested, and upon arraignment before the circuit court of Sullivan county, plead

The State, *ex rel.* Denney, *et al. v.* Leach.

guilty to said charge, was fined $20.00 and costs; that said fine and costs have not been paid.

The court below sustained a demurrer to the complaint upon the ground that it did not contain facts sufficient to constitute a cause of action. From that ruling this appeal is taken.

It is evident from the allegations of the complaint that the bond described therein was executed under and pursuant to the provisions of section 4, of "An act to regulate and license the sale of spirituous, vinous, malt and other intoxicating liquors, approved March 17th, 1875."

We set it out: "Section 4. The board of county commissioners, at such term, shall grant a license to such applicant upon his giving bond to the State of Indiana, with at least two freehold sureties, resident within said county, to be approved by the county auditor, in the sum of two thousand dollars, conditioned that he will keep an orderly and peaceable house, and that he will pay all fines and costs that may be assessed against him for any violations of the provisions of this act, and for the payment of all judgments for civil damages growing out of unlawful sales, as provided for in this act." Section 7279, Burns' R. S. 1894.

It has been decided in this and several other States that an action will lie upon bonds given under similar statutes to the one above cited, for civil damages growing out of the unlawful sale of intoxicating liquor when the sale is made by a barkeeper within the scope of his employment, although the principal was not present and did not know or approve of the sale. *Boos* v. *State, ex rel.*, 11 Ind. App. 257.

We do not know of a decision of the courts of this State holding, in a criminal action for a violation of the statute regulating the sale of intoxicating liquor, the principal subject to punishment by indict-

ment for the offenses of his servant, committed without his knowledge or consent.

In the 11th volume of Am. and Eng. Ency. of Law, p. 711, a collection of numerous authorities in point is made. We quote from the text: "A licensee, to sell intoxicating liquors, is bound at his peril to see that the conditions of the license are complied with by his servants or agents; but to render a defendant liable for sales made by his agent or servant, knowledge or consent must be shown. To convict in such a case the jury must be satisfied of the defendant's assent to and not merely of his knowledge of the sale; and where a sale is made by an agent or servant in disobedience of orders, the master will not be liable. But a general authority by an employer to his clerk to sell unlawfully, will render him answerable criminally for any single sale made by his clerk in pursuance of such authority." See notes for authorities there cited.

It will be seen by reference to page 718 of the same volume that under the decision of other courts of some of the states (Arkansas, Georgia, and Maryland), a sale of liquor to a minor by a bartender is a sale by the owner for which he is liable, when it was made in the regular course of business, although made without his knowledge and contrary to his instructions.

These decisions are not, however, in harmony with those of the Supreme Court of our own State. We cite *Hipp* v. *State*, 5 Blackf. 149; *Wetzler* v. *State*, 18 Ind. 35; *Hanson* v. *State*, 43 Ind. 550; *Thompson* v. *State*, 45 Ind. 495; *Wreidt*, v. *State*, 48 Ind. 579; *O'Leary* v. *State*, 44 Ind. 91; *Zeller* v. *State*, 46 Ind. 304.

Each of the decisions in the cases last cited is to the effect that when an unlawful sale is made by the bartender in the saloon of one licensed to sell, in the absence and without the knowledge of his principal, that the principal is not liable.

In *Hipp* v. *State, supra,* Blackford, justice, speaking for the court, announced the rule to be "that a master is liable in a *civil suit* for the negligence or unskilful-ness of his servant, when he is acting in the employ-ment of his master; but that he is not subject to be punished by *indictment* for the offenses of his servant, unless they were committed by his command, or with his assent."

Any claim in this action must be based upon a breach of appellee's bond—the language of the bond—its obligation is that appellee will pay all fines and costs that may be assessed against him for violations of the liquor laws.

Appellants contend that under this language he is liable for the violations of the law of all in his employ.

By the averments of the complaint a judgment was not assessed against the appellee, nor under the deci-sions of our Supreme Court could a judgment of con-viction have been rendered, upon the facts set out.

There was no breach of the bond, and the judgment must be affirmed.