## ROSENBAUM v. THE STATE.

[No. 2,746.   Filed April 18, 1900.]

INTOXICATING LIQUORS.—*Sales on Sunday.*—*Principal and Agent.*— *Violation of Instructions.*—*Criminal Law.*—A saloon-keeper is not criminally liable for the sale of intoxicating liquors made on Sunday by his barkeeper, where the saloon-keeper instructed his barkeeper that he must not sell liquor on Sunday, under penalty of discharge, and it was shown that the barkeeper had no means of ingress to the barroom at the time, but made the sale from the storage room, without the knowledge or consent of his principal.

From the Jasper Circuit Court.   *Reversed.*

*F. Foltz, C. G. Spiller* and *H. R. Kurrie,* for appellant.
*W. L. Taylor,* Attorney-General, *C. C. Hadley* and *Merrill Moores,* for State.

WILEY, C. J.—Appellant was licensed to sell intoxicating liquors as a beverage, and was indicted, tried, and convicted for a sale alleged to have been made on Sunday. The only question discussed arises under the assignment of error challenging the overruling of appellant's motion for a new trial. The reasons assigned for a new trial are that the verdict is contrary to the law and the evidence, and that the court erred in giving certain instructions.

The principal discussion of counsel is directed to the evidence, and it is urged that it is wholly inadequate to support the verdict and judgment. The undisputed facts upon which the State secured a conviction below are these: Appellant was a saloon-keeper in Rensselaer, and was engaged in retailing intoxicating liquors under a license. He had in his employ one Carl Hershman, as a bartender. Hershman did not have a key to the room where liquors were sold and drank, and had no means of ingress into the room. He did have a key to a small back room, designated a "cold-storage room." He had been instructed by appellant that he must not sell any liquors on Sunday, or at other

prohibited times and. that, if he did, he would be dis-
charged from the service of appellant.    One Hemphill tes-
tified that at one time, which he thought was Sunday, but
he was not certain about it, he purchased from Hershman
in this cold-storage room a quart of beer, and paid him for
it.    It is further disclosed by the evidence that on the day
the alleged sale was made by Hershman to Hemphill ap-
pellant was not at his saloon; that he had no knowledge of
any such sale; and that he was visiting at the home of his
father-in-law.    The facts above stated are undisputed.

The question for decision is simply this:    Concede that
the sale was made by Hershman, can appellant be held
liable for a violation of the statute by his servant, which
violation took place in his absence, and the act of the serv-
ant in making the sale being in direct violation of his in-
structions?    If this inquiry can be answered in the affirma-
tive, then the verdict and judgment are right; but, if in
the negative, then he was not guilty, and the judgment
must be reversed.

From the many adjudications in this jurisdiction upon
this and analogous questions, it seems to us that the point
at issue is of easy solution.    There are many cases in point,
the first of which is *Pennybaker* v. *State*, 2 Blackf. 484.
There appellant was indicted for an unlawful sale of liquor.
The evidence showed that his wife made the sale in his
absence and without his authority.    It was held that a con-
viction could not be sustained upon the facts, and in decid-
ing the case, the court said:    "A single question is pre-
sented for our consideration.    Can the judgment be sus-
tained on evidence that the whisky, charged in the indict-
ment to have been sold by the defendant, was sold by his
wife, he being absent from his house, and no authority
proved to have been given?    We think the evidence in-
sufficient to establish the liability of the defendant.    The
presumption of agency is inadmissible.    The wife, com-
mitting offenses without the presence or coercion of the

husband, is regarded as a *feme sole*. She is alone respon-
sible."

In the case of *Hipp* v. *State*, 5 Blackf. 149, 33 Am. Dec.
463, appellant was indicted for an unlawful sale of liquor.
Upon the trial it was shown that the sale was made by his
bartender, in his absence and without his knowledge. The
court instructed the jury that, though the sale was made by
the bartender who had been left in charge of appellant's
tavern, and without his knowledge, yet he was guilty, as
though the sale had been made by himself. This instruc-
tion was held erroneous, and, in passing upon it, the court
said: "We think it ought not to have been given. The
landlord was not liable, under the circumstances, to an
indictment for the act of his barkeeper. If the defendant
had commanded the offense to be committed, or had been
present when it was committed, without making any objec-
tion to it, the act would have been his own." The case
was reversed on this error. This case is a much stronger
one than that. Here not only does the uncontradicted evi-
dence show that the appellant was not present when the
act was committed, but that it was committed, if at all,
without his knowledge or consent, and against his express
directions.

A similar case is that of *Wetzler* v. *State*, 18 Ind. 35. It
was there held that, to sustain an information for engaging
in common labor on Sunday by selling unlawfully two gills
of spirituous liquor, which were sold by appellant's agent in
his barroom, it should appear that appellant was present or
had some knowledge of the selling when it was being done.
The court said: "The evidence shows that the liquor was
sold in the defendant's barroom, by his barkeeper; but
there was no evidence tending to show that the defendant
was present when the sale was made, or had any knowledge
whatever of the selling when it was done. The evidence
is plainly insufficient to sustain the conviction."

In *Lauer* v. *State*, 24 Ind. 131, appellant was indicted

for selling intoxicating liquors to a minor. The evidence showed the sale was made by a barkeeper, without the knowledge or consent of appellant, either express or implied. It was ruled that a conviction could not stand upon such facts, and the court by Frazier, J., said: "We must not hold men responsible for crimes committed by others without some proof that they either procured, counseled or advised their perpetration." To the same effect see, *Anderson* v. *State*, 39 Ind. 553; *Anderson* v. *State*, 39 Ind. 555; *Hanson* v. *State*, 43 Ind. 550.

*O'Leary* v. *State*, 44 Ind. 91, is in point. There appellant was indicted for a sale of liquor to a person in the habit of becoming intoxicated. The evidence disclosed the facts that the sale was made by a barkeeper of appellant in his absence, without his knowledge or consent, and against his express direction. Upon these facts it was held that the conviction could not be sustained.

In the case of *Thompson* v. *State*, 45 Ind. 495, appellant was indicted for selling liquor to a minor. The evidence showed that at the time he was out of the State; that the liquor was sold by his barkeeper, and that such sale was unauthorized by him. Held that there could be no conviction. See, also, *Thompson* v. *State*, 45 Ind. 496; *Zeller* v. *State*, 46 Ind. 304; *Wreidt* v. *State*, 48 Ind. 579.

The recent case of *Wilson* v. *State*, 19 Ind. App. 389, is directly in point in the principle involved. There appellant was indicted under §5323c Horner 1897 for permitting a person other than himself or a member of his family to go into his saloon during prohibited hours. At the time charged in the indictment appellant was not in the city where his saloon was situated. He had gone away, and left his saloon in charge of a barkeeper, with whom he also left his key. Before he left home he instructed his barkeeper to keep out of the saloon during all prohibited hours.

The indictment charged him with permitting his barkeeper to go into the saloon during a prohibited time.

Upon these facts it was held that a conviction could not stand. Henley, J., who rendered the opinion, said: "The question, then, is, can appellant be held responsible for the acts of his bartender, the same being done in direct violation of his orders? We do not believe that an employe or agent can render his principal liable criminally on account of the act of the agent, when the act was done without the consent and in direct violation of the orders given the agent in that regard."

In view of these authorities, and there being none to the contrary, we must hold that, upon the facts disclosed by the record, appellant can not be held guilty of the misdemeanor charged against him. This conclusion on the facts makes it unnecessary for us to consider the objections urged to the instructions. If the case should be again tried, it is not likely the same questions will arise upon the instructions to the jury.

Judgment reversed, and the court below is directed to grant appellant a new trial.

Comstock and Robinson, JJ., concur in the conclusion reached, but not upon the authority of *Wilson* v. *State*, 19 Ind. App. 389.