## THE STATE v. WARD.

CRIMINAL LAW.—*Billiards.*—*Suffering Minor to Play.*—*Indictment.*—*Motion to Quash.*—An indictment charged the defendant with having allowed a certain minor, with other minors not named, "to play at a certain game, on a billiard table, called billiards," in his saloon, "of which he was then and there the owner."

*Held,* on motion to quash, that it is not necessary to aver that such game was played for a wager.

*Held,* also, that the averment as to the ownership of the billiard table is too vague, and, therefore, that the indictment is bad.

From the Porter Circuit Court.

*T. J. Wood,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

BIDDLE, C. J.—The appellee was charged by indictment, as follows:

"The grand jurors of the county of Porter, and State of Indiana, upon their oaths, present, that Thomas Ward, on or about the first day of January, A. D. 1874, at and in the county of Porter, and State aforesaid, did then and there unlawfully allow, suffer and permit one Harry Pagan, a person under the age of twenty-one years, and other persons under the age of twenty-one years, to play at a certain game on a billiard table, called billiards, then and there in his saloon in the city of Valparaiso, in said county, of which he was then and there the owner; contrary," etc.

On motion of the appellee, the court quashed the indictment, and rendered judgment accordingly. The State excepted and appealed.

The indictment is founded on section 1 of the act of March 8th, 1873, 2 R. S. 1876, p. 484, which is as follows:

"SECTION 1. *Be it enacted,* * * * That if any person owning or having the care, management, or control of any billiard table, bagatelle table or pigeon-hole table, shall allow, suffer or permit any minor to play billiards, bag-

atelle or any other game at or upon such table or tables, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall, for each game so allowed, suffered or permitted to be played, be fined in any sum not less than five dollars nor more than fifty dollars."

The State contends that the words, "to play billiards," as used in the act, do not mean to play a game of billiards for a wager; and, in this view, we think the State is right. The State also contends that it is not necessary for the owner of the billiard table to allow, suffer or permit more than one minor "to play billiards," to constitute the offence. In this construction also, we think the State is right.

The purpose of the act is, doubtless, to prevent persons from allowing minors to play billiards, bagatelle, pigeon-hole, or any such game, in public places. It was not designed to affect the general statute against gaming. Neither the word "game" nor "gaming" is used in the act.

But it seems to us that there are some defects in the indictment for which it was properly quashed. The pleader intended to allege in the indictment, that the appellee was the owner of the billiard table; but we do not think the averment is sufficiently plain. In the sentence, "of which he was then and there the owner," the pronoun "which" can not safely be referred past "his saloon" to "a billiard table," as its antecedent. Such a construction would be altogether too loose for criminal pleading. The words must be taken in their most direct and plain sense, and the pleading construed most strongly against the pleader. Under these rules, the averment, that the appellee was the owner of the table, is insufficient. See *Hanrahan* v. *The State*, ante, p. 527.

The judgment is affirmed, with costs.