## The State *versus* Rebecca Stewart.

In a prosecution for selling liquor, in violation of the statute of 1846, ch. 205, sec. 5, it is not necessary to allege by whom the defendant made the sale.

Whether wine be a spirituous liquor, is a question, not of law, but of fact, unless the first section of said statute was designed to include it among spirituous liquors. Whether it was so designed, *quere.*

Complaint for illegally selling "spirituous liquor, viz, one glass of wine." The complaint did not specify by whose hand the defendant sold the article. It was tried in the District Court, Rice, J.

The defendant's counsel requested the court to instruct the jury that, unless the defendant sold the wine by herself and not by her agent, clerk or servant, she could not be charged. This instruction was not given.

The defendant contended, that the allegation of selling "spirituous liquor; viz, one glass of wine," was self-contradictory, because wine is not a spirituous liquor. The Judge instructed the jury, that the complaint was sufficient, and would be sustained by proof that defendant sold a glass of wine.

One Brown was the witness for the State. Testimony was offered to impeach his character for truth. The jury were instructed, that the prosecution must fail, if the defendant had satisfied them, that Brown was so perfectly infamous, that not the least reliance could be placed upon him; or that he was utterly regardless of his obligation to tell the truth; or if their confidence in his testimony had been so impaired, that the government had failed to satisfy them, that the offence had been committed. The defendant excepted.

*Morrill,* for defendant.

1. The complaint, *in substance*, alleges that defendant *by herself* sold the wine. The statute, (1846, § 5,) draws a line of distinction between selling by one's self and selling by an agent, clerk or servant. The requested instruction was therefore wrongfully withheld.

2. The complaint is self-contradictory. It calls "*wine*" spirituous liquor. But it is not so. Mass. R. S. c. 47, § 21; 18 Pick. 228. Wine is merely fermented, not distilled. The case finds it was wine that she sold. In the statute the words, "other spirituous liquors," relate back only to the words brandy and rum.

3. There was error in the instruction as to Brown's testimony. The first and second branches of it were clearly wrong. The other was so involved with them as to confuse and mislead the jury.

*Vose*, County Attorney, for the State.

1. The defendant's first objection is without weight. *Qui facit per alium facit per se.*

2. Wine is a spirituous liquor; and the statute so views it. Its language is, "any wine, brandy, rum or other spirituous liquors." The complaint introduces wine under a *videlicet.* If necessary, that may be rejected as surplusage.

3. The instruction as to the testimony of Brown, gave the defendant every advantage.

WELLS, J. — The statute prohibiting a person to sell "by himself, clerk, servant or agent," does not prescribe the form of a complaint. By whomsoever the defendant sold, she was liable. In this case she sold by an agent. It was her act by the hand of another. It is not necessary to allege by whose hand she sold. The principles as to accessaries do not apply.

Another objection is, that the complaint is repugnant, in specifying that she sold spirituous liquor, viz, wine. And it is contended, that wine is not a spirituous liquor. But can that be judicially known? It was a question of fact, a jury matter, not a question of law. We understand the instruction, taken in connection with the views as to repugnancy,

urged by the counsel, to mean, that the verdict should be for the State, if they found wine to be spirituous liquor. It may be, that the statute was intended to embrace ₍wine among spirituous liquors, but of that we give no opinion, it not being necessary.

There was no error in the instructions as to Brown's testimony. If they were deemed too rigid, the counsel should have asked for a modification.

*Exceptions overruled. — Case remanded.*

