Zook *v.* The State.

---

## Zook *v.* The State.

47  463
152  655

CRIMINAL LAW. — *Indictment.* — *Gaming.* — *Billiard Table.* — *Minor.* — An indictment under a statute making it a misdemeanor for any person owning, etc., any billiard, bagatelle, or pigeon-hole table, to allow, suffer, or permit any minor to play billiards, bagatelle, or any other game at or upon such table, and inflicting a fine for each game so allowed, suffered, or permitted to be played, must charge that a game was played, and name the person with whom it was played by the minor, or give a reason why he is not named.

From the Wayne Circuit Court.

*S. A. Forkner* and *W. N. Woods*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

PETTIT, J.—This was an indictment for allowing a minor to play billiards, in violation of the following section of the statute, Acts of 1873, p. 30:

"Sec. 1. That if any person owning or having the care, management, or control of any billiard table, bagatelle table, or pigeon-hole table, shall allow, suffer or permit any minor to play billiards, bagatelle or any other game at or upon such

table, or tables, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall, for each game so allowed, suffered or permitted to be played, be fined in any sum not less than five dollars nor more than fifty dollars."

A motion to quash the indictment was overruled, and exception taken; and this ruling is assigned for error.

The objections urged to the indictment are, that the person with whom the minor played billiards is not named, nor is any reason or excuse given for not naming him; and that the indictment does not show or charge that a game was played.

This indictment is not specific and certain in contemplation of law, so as to enable the defendant to prepare for his defence, because it does not name the person with whom the minor played, and a conviction on this indictment would not be a bar to another indictment charging that the minor played with a person named.

The statute makes it penal to allow a minor to play a game. The indictment does not charge or show that the minor did or was allowed to play a game. We hold that the objections to the indictment are well taken. 2 G. & H. 401, 402; *Quinn* v. *The State*, 35 Ind. 485; *Whitney* v. *The State*, 10 Ind. 404; *The State* v. *McCormack*, 2 Ind. 305; *The State* v. *Noland*, 29 Ind. 212. Many other cases are cited, both in this and other states, to sustain the position taken, but we deem it unnecessary to refer to them.

The indictment is bad for not alleging that a game was played, and in not naming the person with whom it was played, or giving a reason why he was not named.

The judgment is reversed, with instructions to sustain the motion to quash the indictment.