## ALEXANDER ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Billiard Table.*—*Minor.*—An indictment under sec. 1 of the act of March 8th, 1873, Acts 1873, p. 30, which does not allege that a game was played, and state the name of the person with whom the minor played the game, or allege that such name is unknown, is bad. But it is not necessary in such indictment to negative the exception contained in sec. 3 of said act. That the case comes within such exception, is to be shown by the defendant.

From the Wells Circuit Court.

*A. N. Martin,* for appellants.

*C. A. Buskirk,* Attorney General, for the State.

BUSKIRK, C. J.—This is a prosecution under the first section of the act of March 8th, 1873. See Acts 1873, p. 30. The court below overruled motions to quash the indictment, and in arrest of judgment. Trial, and judgment against appellants.

These rulings are assigned for error.

The indictment charges that the appellants, on, etc., and at, etc., were the owners, and had the care, management, and control, of a certain billiard table, and then and there unlawfully allowed, suffered, and permitted one Charles Shaffer, who was then and there a person under the age of twenty-one years, to play billiards at and upon said table. It was held by this court, in *Zook* v. *The State,* 47 Ind. 463, that the above statute made it unlawful to permit a minor to play a game on any of the instruments therein specified, and that to render the indictment good, it was necessary to allege the name of the person with whom the game was played, or to aver that such name was unknown.

Under that ruling, the indictment under examination is bad, because it does not charge that a game was played, or give the name of the person with whom it was played, or aver that such name was unknown.

It is also insisted by counsel for appellants that the indictment is bad, because it does not negative the exception contained in the third section of said act. The exception being

in a different section, the pleader was not required to negative it. In such case, it was for appellants to show that the case came within the exception.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the motion to quash the indictment.