## DONNIGER v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Suffering Minor to Play a Game.*—An indict-
ment against the owner of a billiard table for permitting a minor "to
play a certain game said table, called pool," was bad because of the
omission of the word "at" or "upon" before the words "said table."

SAME.—*Name of Person Playing with Minor.*—An indictment for permitting
a minor to play a game upon a billiard table is defective, if it does not
state the name of the person with whom the minor was permitted to
play the game.

From the Decatur Circuit Court.

*J. D. Miller*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

WORDEN, J.—Indictment, charging that, on, etc., at, etc.,
"Herman Link and Joseph Donniger, who were then and
there the owners of, and having the care, management and
control of a certain billiard table, at said county, and did
then and there unlawfully allow, suffer and permit Frank
Gavin, who was then and there a person under the age of
twenty-one years, to play a certain game said table, called
pool."

The defendants moved to quash this indictment, but the
motion was overruled, and they excepted. On trial by the
court, Link was acquitted, but Donniger was convicted.
The latter appeals, and has assigned for error the overruling
of the motion to quash the indictment.

The indictment is based upon the following statutory pro-
vision, viz. :

"That if any person owning or having the care, manage-
ment, or control of any billiard table, bagatelle table or
pigeon-hole table, shall allow, suffer or permit any minor
to play billiards, bagatelle or any other game at or upon
such table or tables, he shall be deemed guilty of a misde-
meanor," etc.    Acts 1873, p. 30, sec. 1.

The indictment in this case does not allege that the minor
was allowed to play the game of pool *at* or *upon* the billiard
table, and in this respect it seems to be defective. The

omission of the word " on " before the words " said table," as they occur in the indictment, may have been a clerical error in the transcription, but if so, this error could have been corrected, which has not been done. We must take the indictment as we find it in the transcript that comes up to us.

The indictment is also defective in another particular. It does not state the name of the person with whom the minor was suffered to play the game. This was necessary. *Zook* v. *The State,* 47 Ind. 463.

The court below erred in not sustaining the motion to quash the indictment.

The judgment below is reversed, and the cause remanded for further proceedings, in accordance with this opinion.