#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1878, IN THE SIXTY-
SECOND YEAR OF THE STATE.

---

## READY v. THE STATE.

CRIMINAL LAW.—*Suffering Minor to play Billiards.—Indictment.—Gaming.*
—Under the act of March 8th, 1873, 2 R. S. 1876, p. 484, " making it unlaw-
ful for owners," etc., " of billiard tables to suffer or permit minors to play
at or upon the same," etc., it is not necessary, in an indictment under
section 1 of such act, to allege that any thing had been lost or won upon
the game which the minor was suffered to play.

From the Fayette Circuit Court.

*W. C. Forey*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

WORDEN, J.—Indictment, the body of which is as follows:
" The grand jurors of the State of Indiana, in and for the
county of Fayette, good and lawful men, duly and legally
impanelled, sworn and charged in the Fayette Circuit Court,
at its April term, 1878, to inquire in and for the body of
said county, in the name and by the authority of the State
of Indiana, upon their oath, present and charge, that, on
the 1st day of December, A. D. 1877, and in the county

of Fayette and State of Indiana, Austin Ready, who was then and there the owner of, had the care, management and control of a billiard and pool table, kept in a saloon for hire, did then and there unlawfully suffer and permit one Edward McCormick, who was then and there a person under the age of twenty-one years, to play one game of pool on said billiard and pool table, with one Richard Tyner."

Motion to quash overruled, and exception. Trial, conviction and judgment.

The only question made in the brief of the counsel for the appellant, as we understand it, is, whether the indictment was good; and the objection is, as we gather from the brief, that the indictment does not allege that the game, which it is alleged the defendant suffered the minor to play, was played for money or other thing of value. Whether such allegation was necessary, must depend upon the statute upon which the indictment was based.

The 1st section of the act of March 8th, 1873, 2 R. S. 1876, p. 484, provides:  " That if any person owning or having the care, management, or control of any billiard table, bagatelle table or pigeon-hole table, shall allow, suffer or permit any minor to play billiards, bagatelle or any other game at or upon such table or tables, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall, for each game so allowed, suffered or permitted to be played, be fined in any sum not less than five dollars nor more than fifty dollars."

The 2d section of the act makes it a misdemeanor for any person having the care, etc., of such table, kept in any saloon, hotel or other public place, to permit minors to congregate about such place; and the 3d and last section provides that the act shall not apply to any case where a billiard table, etc., may be kept or used in a private family.

The object of the 1st section of the statute was evi-

dently to prevent persons having the care, etc., of billiard tables, etc., from permitting minors to play upon such tables, the same not being kept or used in a private family; and the prohibition extends to the playing, whether there be any wager upon the game, or otherwise. To constitute the offence there need not have been anything lost or won upon the game suffered to be played by the minor. *The State* v. *Ward*, 57 Ind. 537. If the Legislature had intended that something should be lost or won upon the game thus suffered to be played by the minors, in order to constitute the offence, in other words, if that body had intended merely to prevent persons from suffering minors to gamble upon such tables, why did not the prohibition extend to gambling upon tables kept or used in private families? We can not suppose the Legislature intended to prohibit persons from suffering minors to gamble upon such tables in public, but permit it upon tables kept or used in a private family.

The view which we take of the case in no manner conflicts with the case of *Williams* v. *The City of Warsaw*, 60 Ind. 457. There the action was brought for the violation of a city ordinance, and the ordinance was construed as intended to prevent gambling, and not merely playing for amusement; because the clauses in the city charter, on which the ordinance was based, contemplated the vesting of power in the city council to pass ordinances to prohibit gambling, or gaming, in a sense that made the winning or losing of something of value upon the game an ingredient of the offence.

We are of opinion that the objection to the indictment is not well taken.

The judgment below is affirmed, with costs.