## MOORE *v.* THE STATE.

CRIMINAL LAW.—*Suffering Minor to Play Billiards.*—*Indictment.*—An indictment charged, that, on, etc., at, etc., the defendant, "then and there having the care, management and control of a billiard table, did then and there allow, suffer and permit " G. B. "to play billiards, and a game commonly called 'pool,' upon said table, with persons whose names are unknown to the grand jury, he, the said " G. B., "then and there being a person under the age of twenty-one years; and said table not being then and there kept or used in a private family," etc.

*Held,* that the indictment is good.

SAME.—*Evidence.*—*Name.*— *Words Describing Offence.*—The words "with *persons* whose names are unknown," etc., used in the indictment, are descriptive of the offence, and evidence that the game alleged was played by G. B. with "*a person* whose name is unknown," etc., will not sustain a verdict of guilty.

SAME.—*Bill of Exceptions.*—*Signing and Filing of.*— *Record.*—A bill of exceptions containing the evidence, signed by the judge before the making of a motion for a new trial, and filed at the time such motion is made, is part of the record.

SAME.—*Motion for New Trial.*—A motion for a new trial is part of the record without a bill of exceptions.

From the Henry Circuit Court.

*D. W. Chambers* and ——*Barnard,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

BIDDLE, J.—Indictment against the appellant in the following words:

"The grand jurors for said State of Indiana, empanelled, charged and sworn in the Henry Circuit Court, to inquire within and for the body of said county of Henry, upon their oaths charge and present, that John Moore, at said county, on the 15th day of October, 1878, then and there having the care, management and control of a billiard table, did then and there allow, suffer and permit George Brown to play billiards, and a game commonly called pool, upon said table, with persons whose names are unknown to the grand jury, he, the said George Brown, then and there being a person under the age of twenty-one years;

and said table not being then and there kept or used in a private family, contrary," etc.

A motion to quash the indictment was overruled, and exceptions reserved. Plea, not guilty; trial by jury; conviction and fine; judgment and appeal. The record presents several questions for our consideration.

1. The sufficiency of the indictment. The appellant thinks the indictment is bad for uncertainty in charging the offence, but we think it is good under the statute. *Zook* v. *The State*, 47 Ind. 463; *Alexander* v. *The State*, 48 Ind. 394; *The State* v. *Ward*, 57 Ind. 537; *Enwright* v. *The State*, 58 Ind. 567.

The transcript shows us that the trial in this case was had on the 13th day of February, 1879, and the verdict returned upon the same day. The bill of exceptions, containing the evidence, was signed by the judge on the 15th day of February, 1879.

The motion for a new trial was made and causes filed, motion overruled, and judgment rendered on the verdict, and the bill of exceptions filed, on the 6th day of March, 1879, all of which was done within the term at which the cause was tried.

The State insists, that the bill of exceptions is not properly in the record, but we think it is. We can see no objections to taking the bill of exceptions as soon as the trial is over, and thus securing the evidence in the record at once, and afterwards moving for a new trial upon causes in writing shown. The motion for a new trial need not be a part of the bill of exceptions. We have often decided that it is a part of the record itself.

The court instructed the jury as follows:

" No. 1. The defendant is presumed to be innocent, and can not be convicted, until his guilt is established beyond a reasonable doubt. In order to thus establish his guilt, the State must have proved, beyond a reasonable doubt, every

material allegation of the indictment. The material allegations of this indictment are, that the defendant, John Moore, at the county of Henry and State of Indiana, at some time within two years immediately preceding the finding of said indictment (the exact time charged in the indictment not being material), did suffer George.Brown to play a game of billiards or pool, with some *person* whose name to the grand jury was unknown, upon a billiard table then under his, the defendant's, care, management or control, which table was not then kept or used in a private family; and that, when such game was so played, the said George Brown was a minor under twenty-one years of age."

This instruction states that it is sufficient, as to the description of the game, if the State proves that George Brown played the game with a " *person* whose name to the grand jury was unknown." The instruction, in this respect, is not applicable to the indictment before us, nor to the evidence in the bill of exceptions. The indictment charges the game to have been played by George Brown "with *persons* whose names are unknown to the grand jury." A game with a person is not a game with persons. This is descriptive of the offence, and must be literally proved, that the record may be sufficient to bar a subsequent prosecution for the same offence.

There is no evidence in the record showing, or tending to show, that George Brown played the game with persons whose names were to the grand jury unknown.

The appellant objected to the giving of this instruction, but his objection was overruled.

For this error, the judgment is reversed; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.