Filed Nov 2, 1883.

---

No. 11,080.

## THE STATE v. DUPIES.

CRIMINAL LAW.—*Minors.*—*Billiards.*—*Indictment.*—An indictment for the violation of section 2087, R. S. 1881, by permitting a minor to play billiards which does not aver that the act of the defendant was unlawful, or show that the case was within the exception contained in section 2089, is bad on motion to quash.

From the Benton Circuit Court.

*M. H. Walker,* Prosecuting Attorney, and *I. H. Phares,* for the State.

*D. E. Straight, U. Z. Wiley* and *D. Smith,* for appellee.

NIBLACK, C. J.—This was a prosecution for a misdemeanor upon an indictment containing two counts.

The first count charged that " one Nicholas Dupies, late," etc., " on the 3d day of January, A. D. 1883, at," etc., " did then and there have the care, management and control of a

pool and billiard table, and did then and there allow, suffer and permit one Alfred Moore, a person under twenty-one years of age then and there being, to play two games of pool at and upon such table with one Charles Fisher."

The second count charged, substantially, the same offence as the first, the only noticeable difference being that the table was described as a pool table only, and only one game was alleged to have been played.

Upon the defendant's motion both counts of the indictment were quashed, upon the ground that neither one of them charged him, the defendant, with having " unlawfully " allowed, suffered and permitted the minor, Alfred Moore, to play pool upon the table under his control.

Section 2087, R. S. 1881, defining the offence intended to be charged by the indictment in this case, is as follows:

" If any person owning or having the care, management, or control of any billiard table, pool table, or any kind of gaming table, bagatelle table, or pigeon-hole table, shall allow, suffer, or permit any minor to play billiards, bagatelle, pool, or any other game at or upon such table or tables, he shall, upon conviction thereof, for each game so allowed, suffered, or permitted to be played, be fined in any sum not more than fifty dollars nor less than five dollars."

Section 2088, immediately following, provides that if any person owning or controlling such tables as those above enumerated, kept in any saloon, hotel, or other public place, shall allow, suffer or permit minors to congregate at, in or about where such tables are kept, he shall be fined not more than fifty dollars nor less than five dollars.

Section 2089 declares that " The provisions of the two foregoing sections shall not apply in any case where a billiard table, pool table, bagatelle table, or pigeon-hole table may be kept or used in a private family."

As the exception in favor of tables kept in private families is contained in a subsequent section, it need not be expressly negatived in an indictment under either section 2087 or sec-

tion 2088, but such an indictment ought to state facts sufficient to constitute an offence under one of those sections. *Alexander* v. *State*, 48 Ind. 394; *State* v. *Maddox*, 74 Ind. 105. This statement of facts should, therefore, at least inferentially, show that the table played upon, or congregated around, was not a table kept or used in a private family where such playing and congregating is not prohibited, and are, consequently lawful.

The general rule is, as contended, that it is sufficient to charge an offence in the language of the statute defining it, but that rule is not of universal application, and especially in cases like this, where two or more sections of a statute have to be construed together. In our estimation this case affords an exception to that general rule. *Bates* v. *State*, 31 Ind. 72; *Schmidt* v. *State*, 78 Ind. 41; *State* v. *Welch*, 88 Ind. 308.

We think the indictment before us should either have charged that the defendant "unlawfully" allowed, suffered or permitted the person named to play pool on the table under his control, or to have averred facts from which the unlawful character of the transaction might have been fairly inferred, and that for a failure to charge the one, or to aver the other, the indictment was materially and fatally defective.

The particular questions discussed at the present hearing were neither presented nor considered by this court in the case of *Moore* v. *State*, 65 Ind. 213, referred to in argument. In that case it was averred that the table was neither kept nor used in a private family. The plain inference from that averment was that the playing upon the table charged in the indictment was "unlawful." The indictment in that case was, for that reason, essentially different from the indictment in this.

As to when an offence ought to be charged to have been "unlawfully" committed, reference is made to the cases of *State* v. *Maddox*, 85 Ind. 585; *Ready* v. *State*, 62 Ind. 1.

The judgment is affirmed.

HAMMOND, J., was absent when this cause was considered.

Filed Nov. 2, 1883.