COMMONWEALTH *vs.* KARL WACHENDORF.

Suffolk. February 1. — 26, 1886.

A person licensed to sell intoxicating liquors cannot be convicted, under the Pub. Sts. *c.* 100, § 1, of an unlawful sale, upon proof of a sale of such liquors, after eleven o'clock at night, contrary to one of the conditions of his license, by his servant, without his knowledge and consent, and in violation of his instructions.

MORTON, C. J. This complaint charges that the defendant, on October 3, 1885, unlawfully sold intoxicating liquor between the hours of eleven at night and six in the morning. St. 1885, *c.* 90, § 1. At the trial, it appeared that the defendant kept a restaurant and saloon; and that he had a license, one of the conditions of which was that no sale of spirituous or intoxicating liquor should be made therein between the hours of eleven at night and six in the morning. There was evidence tending to show a sale by one of the defendant's waiters of a bottle of Bass's ale after eleven o'clock at night on the day named in the

complaint. The defendant introduced evidence to show that he had given strict orders to close the sale of intoxicating liquors at eleven o'clock at night; and asked the court to rule that, " if one of his employees wilfully, or in violation of his instructions, had sold a bottle of ale on that night, after eleven o'clock, such a sale would not make him liable under this law." The court refused this instruction, and instructed the jury that the license was violated if any sale was made after eleven o'clock, though by a servant in violation of the instructions of the defendant; and that if the sale proved in this case was made by a servant of the defendant, in the course of business which he was doing for the defendant, he was liable, although he had given directions to his servant not to sell after eleven o'clock.

It may be that a license is forfeited by the unauthorized act of another person, done without the knowledge and against the express directions of the licensee. The Legislature has judged it wise, in view of the many devices resorted to in order to evade the law, to make the conditions of licenses very stringent. It has been held in several cases that a licensee takes his license subject to the conditions, whatever they may be, and is bound at his peril to see that these conditions are complied with, or to lose the protection of his license. *Commonwealth* v. *Uhrig*, 138 Mass. 492. *Commonwealth* v. *Barnes*, 138 Mass. 511, and cases cited. But the question in this case is not whether the defendant's license is forfeited.

The complaint is not brought under the Pub. Sts. *c.* 100, § 18, alleging that he has violated the provisions of his license. It is brought under the first section, which provides that " no person shall sell, or expose or keep for sale, spirituous or intoxicating liquor, except as authorized in this chapter." It was held in *Commonwealth* v. *Nichols*, 10 Met. 259, decided under a law similar in its terms, that the defendant was not liable criminally as a seller, when the sale proved was made by a servant without his knowledge, in opposition to his will, and which was in no way participated in, approved, or countenanced by him. This decision is conclusive of the case before us. It would require a clear expression of the will of the Legislature to justify a construction of a penal statute which would expose an innocent man to a disgraceful punishment for an act of which

he had no knowledge, which he did not in any way take part in or authorize, but which he had forbidden. In other parts of the statute, where the Legislature intend to impose a more stringent liability, different language is used. Thus, broader language is used in the conditions of the license, such as "that no sale of spirituous or intoxicating liquor shall be made " between eleven and six o'clock ; " that no liquor except such as is of good standard quality and free from adulteration shall be kept or sold ; " that there shall be no disorder, indecency, &c., on the premises. It may be that the fair inference is that the Legislature intended, by the use of this language, to hold the licensee responsible for the unauthorized acts of others, and to require that he should see, at his peril, that the conditions were complied with. Such a construction has been given to § 12, which provides that no licensee shall place or maintain, or permit to be placed or maintained, on the premises, any screen, curtain, or other obstruction. It has been held that a licensee is liable for a screen or curtain which a servant maintained, in the absence of the licensee and against his orders, upon the ground that, in view of the language used and the nature of the prohibited act, the inference is that the Legislature intended to hold the licensee responsible for the condition of his premises, and liable, whether the prohibited act was done by him personally, or by his agent left by him in charge of his business. *Commonwealth* v. *Kelley*, 140 Mass. 441.

Section 1, upon which the complaint in the case at bar is based, subjects to punishment any person who sells liquor unlawfully. It is to be presumed that the Legislature intended to use the language in its natural sense, and with the meaning given to equivalent language by the court in *Commonwealth* v. *Nichols.* It is not a necessary or reasonable construction to hold that it subjects to punishment a person who does not sell, because a servant in his employment, in opposition to his will and against his orders, makes an unlawful sale. We are therefore of opinion that the instruction requested by the defendant should have been given. Of course, it would be for the jury, under the instruction, to determine whether the defendant did, in good faith, give instructions, intended to be obeyed and enforced, that no sale should be made after eleven o'clock. If he did, and a sale

was made in violation of them, without his knowledge, he cannot be held guilty of the offence charged in the complaint.

*Exceptions sustained.*

*A. Russ*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.