## PROVIDENCE COUNTY.

---

STATE *vs.* JOSEPH DOYLE.
STATE *vs.* PETER DOYLE.
STATE *vs.* JOHN BURBAGE.

Public Laws R. I. cap. 492, of April 23, 1885, known as the "screen law," requiring liquor dealers to remove obstructions to a clear view of their premises through the window on Sunday, is constitutional, although it does not define what constitutes an obstruction.

CONSTITUTIONAL questions certified to the Supreme Court under Pub. Stat. R. I. cap. 220, §§ 1–9.

*June* 2, 1886.   PER CURIAM.   These are complaints certified to this court by the Justice Court of Providence upon a question of the constitutionality of Pub. Laws R. I. cap. 492, of April 23, 1885, which is as follows, viz.: —

"Every person licensed to sell intoxicating liquors shall cause to be removed on his licensed premises all obstructions of whatever kind that may prevent a clear view of the interior of the same from the outside thereof, by the passer-by, through the window, during the entire day of each Sunday; and every person

violating the provisions of this section shall be fined twenty dollars."

The defendants contend that the statute is unconstitutional because it does not define what constitutes an obstruction within the meaning of said act, and that to comply with it a party might be obliged to remove the main support of a building occupied by him.

As it would be well-nigh impossible to define in advance all the obstructions which might be devised to conceal the interior of a licensed bar-room from the view of the passer-by, if such definition were held to be necessary, it would be possible to defeat the object of the statute by the use of a different obstruction from those embraced in the definition.

The act in question is a police regulation designed to prevent sales of liquor on Sunday by licensed dealers contrary to the provisions of their licenses. We do not think it was necessary that it should define what should constitute an obstruction in order to be constitutional.

Inasmuch as the statute only requires those obstructions to be removed that may prevent a clear view of the interior of the premises by the passer-by, through the *window*, the suggestion of the necessity for removing the main support of a building does not seem to have any application.        *Order accordingly.*

*Samuel P. Colt*, Attorney-General, for plaintiff.

*John M. Brennan*, for defendants.