No. 15,628.

## BELCHER *v.* THE STATE.

CRIMINAL LAW.— *Evidence.*— *Declarations of One Jointly Indicted.*— *When Inadmissible.*—Where there is no evidence in the record tending to show that there was a conspiracy for the commission of the offence charged, between the defendant and one jointly indicted with him, but not on trial, declarations of the latter, prior to the commission of the alleged crime, made in the absence of the defendant, can not be admitted in evidence against him.

From the Crawford Circuit Court.

*N. R. Peckinpaugh, J. H. Weathers, C. L. Jewett, H. E. Jewett, M. W. Funk, T. P. Ellsworth* and *M. S. Mavity,* for appellant.

*L. T. Michener,* Attorney General, and *J. L. Suddarth,* Prosecuting Attorney, for the State.

COFFEY, J.—The appellant in this case was indicted jointly with Alexander Walls, for the robbery of one Alexander Brown, in said county, on the 6th day of November, 1884. The facts in the case are set forth in the case of *Walls* v. *State, ante,* p. 400.

Upon the trial of this cause the State was permitted to prove, over the objection of the appellant, by one Thomas Bryant, at a time when the appellant was not present, in the month of July, 1884, the following conversation: "I said to Alexander Walls, ' You have paid too much for that timber and you will not make any money out of it;' and Walls said: 'I can afford to work two or three months if I can make $200 or $300 in a day or night, as the case may be.'" The State was also permitted to prove by said witness a conversation between the said Walls and one Granville Patten, had in the month of August, 1884, in the absence of the appellant, which conversation was as follows: "Granville Patten said: 'I have read the James boys' book, and I have their plans, and I could take a few men and go out

and get as much money as I wanted, and I would not have to go far to get it, not farther than Alexander Brown's.' Alexander Walls said : ' He has got lots of it.' Patten said : ' Lots of it.' "

We are of the opinion that the court erred in admitting the above evidence. A conspiracy to commit the crime charged in the indictment could not be proven by the declarations of Walls, made in the absence of the appellant. *Moore* v. *Shields,* 121 Ind. 267.

In the above cited case it was said by this court : " The declarations which are admissible are those which are made between the beginning and ending of the conspiracy, for the promotion of the common criminal or evil purpose, and the fact that a conspiracy existed, and was in progress at the time the admissions were made, must first appear in some way satisfactory to the court. If the conspiracy has not yet been formed, or if it has ended by the consummation of the criminal design, mere admissions or narrations of what has taken place, which had no tendency to promote the common design, are not admissible against those who were not present when the admissions were made." See, also, *Ford* v. *State,* 112 Ind. 373.

There is no evidence in the record tending to show that there was a conspiracy existing between the appellant and Walls, at the time of the conversations above set out, to commit the crime charged in the indictment in this case. The declarations, as we have seen, were made in July and August, 1884, and the crime charged, and for which the appellant was tried, was not committed until the 6th day of November of that year.

There being no brief on file on behalf of the State, we are not able to state the ground upon which the court below admitted this evidence.

Judgment reversed, with directions to the circuit court to grant a new trial. The clerk will issue the necessary order

for the return of the appellant to the sheriff of Crawford county.

Filed Oct. 16, 1890.