THE  PEOPLE  v.  ALBERT  METZGER,  IMPLEADED  WITH
EDWARD HESLAN.

*Liquor traffic—Non-payment of tax—Liability of employé.*

1. A bar-tender who, during the absence of the proprietor of the
saloon, sells spirituous liquors contrary to law, no tax having
been paid on that business, is liable under 3 How. Stat. §
2283*d*, for engaging in the business without having paid the
required tax.

2. A saloon-keeper is not liable criminally for the act of his bar-
tender in selling spirituous liquors without his knowledge or
direction, and during his absence from the saloon, he having
paid the tax imposed upon the business of selling malt liquors
only; citing *People v. Hughes*, 86 Mich. 180.

Exceptions before judgment from recorder's court of
Detroit.  (Chambers, J.)  Submitted on briefs February
1, 1893.  Decided March 10, 1893.

Respondent was convicted of having engaged in the
business of selling spirituous liquors without paying the
required tax.  Conviction affirmed.  The facts are stated
in the opinion.

*George F. Robison,* for respondent.

*A. A. Ellis,* Attorney General, *Allan H. Frazer,* Prose-
cuting Attorney, and *Samuel W. Burroughs,* ex-Prosecuting
Attorney, for the people.

LONG, J.   By the information the respondent, together with Heslan, was charged with having been engaged in the business of selling and keeping for sale spirituous liquors without having paid the tax required by law.   The information also contains the other necessary averments.

On the trial it appeared that Heslan had paid a tax upon the business of selling malt liquors to the amount of $300, but that the additional tax of $200 for engaging in the business of selling spirituous liquors had not been paid. Two sales made by respondent of spirituous liquors were shown; but Heslan was not present at the time, and knew nothing of the sales having been made by respondent.   The court directed an acquittal of. Heslan.   Respondent's counsel then requested the court to direct the jury that if they found that respondent had *no interest in the saloon business, and was merely an employé working for weekly wages, he was not carrying on the business of selling spirituous liquors as charged, and must be acquitted.*   This was refused.   Respondent was convicted, and the case comes up on exceptions before sentence.

The request was properly refused.   The statute provides:

" Retail dealers of spirituous or intoxicating liquors and brewed malt and fermented liquors shall be held and deemed to include all persons who sell any of such liquors by the drink," etc.   3 How. Stat. § 2283c5.

It is further provided:

" If any person or persons shall engage or be engaged in any business requiring the payment of a tax, under section one of this act, without having paid in full the tax required by this act,     *     *     *     such person or persons shall be deemed guilty of a misdemeanor," etc. Id. § 2283d. ·

The respondent on that day was engaged in an unlawful business when he sold spirituous liquors.   He was the bar-tender for Heslan, and could lawfully sell malt liquors;

but during the absence of Heslan he engaged in selling spirituous liquors, contrary to law, no tax having been paid on that business. He was charged as a principal with Heslan, but it was shown that Heslan knew nothing of such sales,—had not directed them,—and the court properly directed a verdict in his behalf, under the ruling of this Court in *People v. Hughes*, 86 Mich. 180.

It is contended by respondent's counsel, however, that under the case cited respondent should have been acquitted, as it was there held that section 24 of the act applies to civil, and not criminal, actions. What was said of section 24 has no bearing in this case. The respondent stands charged under section 7, and it was for a violation of the provisions of that section that he was convicted.

The conviction must be affirmed, and the court below directed to proceed to judgment upon the verdict.

The other Justices concurred.