## WALTERS *v.* THE STATE OF INDIANA.

[No. 21,661. Filed October 6, 1910. Dissenting opinion filed October 13, 1910.]

1. INDICTMENT.—*Sales of Liquors.—Gaming.—Omission of Names.* —Indictments for unlawfully selling liquor, and for gaming, which fail to set out the names of the purchasers, or the names of the persons engaged in the alleged games, in the absence of an allegation that the names were unknown, are bad. p. 547.

2. INDICTMENT.—*Unlawful Sales of Liquor by Druggists.—Using Initials of Purchasers.*—An affidavit charging that defendant druggist "did then and there unlawfully sell to W. E. Clark," one-half pint of whisky, without a prescription, sufficiently identifies the purchaser. p. 547.

3. INDICTMENT.—*Unlawful Sales of Liquor by Druggists.—Negativing License.*—An affidavit charging that defendant druggist unlawfully sold to a named person one-half pint of whisky, said defendant "not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time," is sufficient, regardless of such license negativing clause, defendant's license or right to sell constituting a defense. p. 548.

4. INTOXICATING LIQUORS.—*Unlawful Sales.—Intent.—Druggists.*— Criminal intent is not an essential ingredient in the conviction of a druggist for unlawfully selling intoxicating liquors. p. 548.

5. INTOXICATING LIQUORS.—*Sales by Druggists' Clerks.—Evidence.* —In a prosecution of a druggist for the unlawful sale of intoxicating liquors by his clerk, the acts, conduct and declarations of such clerk are admissible in evidence, the knowledge or consent of the druggist being immaterial. Jordan, J., dissents. p. 549.

6. INTOXICATING LIQUORS.— *Unlawful Sales by Druggists.— Evidence.—Detectives.*—In the prosecution of a druggist for the unlawful sale of whisky it is not erroneous to exclude testimony of a detective that he induced the druggist's clerk to sell the whisky, where he had already testified that he was in the employ of citizens of the community as a detective. p. 550.

7. CRIMINAL LAW.— *Appeal.— Instructions.— How Made Part of Record.—Bills of Exceptions.*—Instructions in a criminal case cannot be made a part of the record by including them in the bill of exceptions containing the evidence. p. 551.

From Spencer Circuit Court; *Roscoe Kiper*, Judge.

Prosecution by the State of Indiana against Lindsay O. Walters. From a judgment of conviction, defendant appeals. *Affirmed.*

*Elbert M. Swan* and *William C. Mason*, for appellant.

*James Bingham*, Attorney-General, *E. M. White*, *A. G. Cavins* and *W. H. Thompson*, for the State.

Montgomery, J.—Appellant seeks the reversal of a judgment convicting him of an unlawful sale of intoxicating liquor, and charges error in overruling his motions (1) to quash the affidavit, (2) for a new trial and (3) in arrest of judgment.

The material parts of the affidavit are as follows: That on August 13, 1908, at Spencer county, appellant "did then and there unlawfully sell to W. E. Clark, at and for the price of twenty-five cents, a less quantity than a quart at a time, to wit, one-half pint, of intoxicating liquor, to wit, whisky; he, said Lindsay O. Walters being then and there the owner of a drug store where said intoxicating liquor was then and there sold and purchased, and said W. E. Clark not then and there having a written prescription of a reputable, practicing physician, and said Lindsay O. Walters not then and there receiving a written prescription of a reputable, practicing physician."

The charge is alleged to be insufficient because the full Christian name of the purchaser is not set out, his initials only being given.

Names of persons material to a criminal charge should ordinarily be fully stated in the pleadings; and under this rule an indictment containing only the initials of the given name of a defendant has been held fatally defective. *Gardner* v. *State* (1853), 4 Ind. 632; *Burton* v. *State* (1881), 75 Ind 477.

The practice in this State, following the common-law rule, requires the names of third persons to be set out with reason-

able certainty. It has accordingly been held that in-
1. dictments charging the sale of liquors without license,
and unlawful gaming, which entirely omitted the
names of purchasers or persons engaged in the alleged
games, were insufficient in the absence of an averment that
the names of such persons were unknown. *State* v. *Stucky*
(1829), 2 Blackf. 289; *State* v. *Jackson* (1835), 4 Blackf.
49; *Butler* v. *State* (1840), 5 Blackf. 280; *State* v. *Irvin*
(1840), 5 Blackf. 343; *Ball* v. *State* (1844), 7 Blackf. 242;
*State* v. *Noland* (1867), 29 Ind. 212; *McLaughlin* v. *State*
(1873), 45 Ind. 338; *Zook* v. *State* (1874), 47 Ind. 463;
*Alexander* v. *State* (1874), 48 Ind. 394.

A sale necessarily includes a buyer as well as a seller, and
in attempting to allege a sale the buyer should be either
specifically named, or otherwise identified with rea-
2. sonable certainty. Facts must be alleged sufficient to
show that an offense under the law has been com-
mitted, and fairly to apprise the accused of the charge which
he is called upon to meet. The paramount fact contained
in the charge against appellant was the unlawful dispensing
of intoxicating liquors. The offense could not be aggravated
or mitigated by the character of the purchaser, and his name
is, in a sense, of secondary importance, since this proceed-
ing cannot affect either his personal or property rights. It
is manifest from the allegations of the affidavit that there
was a sale of liquor, and the purchaser is designated. The
only question then is whether the designation of the pur-
chaser as "W. E. Clark" is sufficiently certain to apprise
the accused fairly of the offense which he is called upon
to answer. Appellant, as the proprietor of a drug store,
could make a lawful sale of the kind and quantity of liquor
described in the affidavit only upon the prescription of a
physician. If the alleged sale was made upon a prescription
it should be in appellant's possession, and would be avail-
able as a defense, whether the purchaser was designated
therein as W. E. Clark or by his full Christian name. We

are not warranted in presuming from the mere charge that appellant sold liquor in violation of law, and certainly cannot assume that so many illegal sales were made about the same time to the Clark family that the identification of the purchaser as W. E. Clark would not enable the seller to make suitable preparations for his defense. If a sale was in fact made, as alleged, without license, and without a physician's prescription, there could be no defense to present, and the transaction would be sufficiently identified to prevent any danger of a second prosecution for the same offense. We are led to the conclusion, therefore, that the failure to set out the full Christian name of the purchaser does not render the affidavit bad on motion to quash.

Appellant's counsel next contend that the allegation, "he, said Lindsay O. Walters, not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time," is not the direct averment of a fact, and is insufficient under the rules of criminal pleading. This averment only purports to negative an exception to the statute, or to deny the existence of facts constituting a defense. The State was not required to prove this negation, but if appellant had authority to make the sale of whisky, with which he was charged, it devolved on him to produce such authority in evidence. Under the circumstances, we are of the opinion that this allegation is sufficiently direct to resist appellant's attack. The charge that appellant sold a half pint of whisky without license constituted a crime, and we are not required to consider appellant's criticisms of the form and character of subsequent allegations in the affidavit. The motions to quash and in arrest of judgment were properly overruled.

The sale of the liquor involved in this prosecution was made by William P. Smoot, a clerk in appellant's drug store, when appellant was absent. Counsel challenge the admissibility of evidence detailing the trans-

action with Smoot, and assert that acts done and declarations made by a clerk in the commission of a crime, in the absence of his employer, are not admissible against such employer, unless it be shown that he consented to or had knowledge of such criminal acts. The following cases are cited in support of appellant's contention: *LaFayette, etc., R. Co.* v. *Ehman* (1868), 30 Ind. 83; *Moore* v. *Shields* (1889), 121 Ind. 267; *Belcher* v. *State* (1890), 125 Ind. 419.

These cases come far short of sustaining the position assumed by counsel. Appellant kept whisky in stock for sale, as shown by the evidence, and, in his absence, entrusted the care and conduct of the business to Smoot. In the exercise of its police power, the State has prohibited the sale of intoxicating liquors, except under fixed restrictions. The regulations prescribed by law were designed by the legislature to subserve the public welfare. This purpose is dominant, and its attainment must not be sacrificed, although in special cases individual inconvenience and loss be sustained. Criminal intent is not an essential ingredient of the offense charged against appellant. The law prohibits all persons without license from selling liquor either directly or indirectly, and is explicit and mandatory. When appellant elected to engage in the sale of articles subject to legal restrictions, he did so at his own peril, and cannot escape responsibility for the nonobservance of such regulations, on the ground that he did not knowingly violate the law. *Groff* v. *State* (1909), 171 Ind. 547.

The law applicable to the question under consideration is aptly stated in Black, Intox. Liq. §370, as follows: "It is held to be no defense to an indictment against the principal that the unlawful act was done without his knowledge or consent, or without his authority, or in his absence, or even that it was done in contravention of his express and *bona fide* orders. * * * The object of these statutory provisions, in effect, is to require the principal to

see to it, at his peril, that no unlawful sales are made in his establishment. And if it savors of severity to subject him to punishment for the acts of others which he had expressly forbidden, it must be remembered that he can escape liability by selecting servants and agents who will keep within the law and obey his orders, or by abandoning a business which exposes him to such hazards.''

Overruling appellant's objection to evidence of an alleged sale of liquor made in his absence by his clerk was not erroneous. *Lehman* v. *District of Columbia* (1902), 19 App. Cas. D. C. 217; *Snider* v. *State* (1888), 81 Ga. 753, 7 S. E. 631, 12 Am. St. 350; *Noecker* v. *People* (1879), 91 Ill. 494; *State* v. *McConnell* (1894), 90 Iowa 197, 57 N. W. 707; *State* v. *Stewart* (1850), 31 Me. 515; *Carroll* v. *State* (1885), 63 Md. 551, 3 Atl. 29; *People* v. *Roby* (1884), 52 Mich. 577, 18 N. W. 365, 50 Am. Rep. 270; *People* v. *Longwell* (1899), 120 Mich. 311, 79 N. W. 484; *State* v. *Kittelle* (1892), 110 N. C. 560, 15 S. E. 103, 28 Am. St. 698, 15 L. R. A. 694; *State* v. *Kinney* (1907), 21 S. Dak. 390, 113 N. W. 77; *State* v. *Constatine* (1906), 43 Wash. 102, 86 Pac. 384, 117 Am. St. 1043; *State* v. *Denoon* (1888), 31 W. Va. 122, 5 S. E. 315.

It is charged that the court erred in refusing to require witness Bays, on cross-examination, to answer the following question, and others of like substance: "Then you did induce him to violate the law in order that you might have the evidence, didn't you?" The witness had given the facts, and admitted that he was in the employ of citizens of the community, as a detective, at the time the sale was made to Clark in his presence, and that Clark applied for the whisky in pursuance of a previous understanding between them. Manifestly no error was committed in excluding these questions, which were objectionable in form, and the substance of which had already been covered by the witness.

Complaint is made of the giving and refusing to give certain instructions, but no question concerning such instruc-

tions is presented, since we have before us no bill of
7. exceptions except the original bill containing the evi-
dence. It is well settled that the instructions in a
criminal case cannot be properly incorporated in such orig-
inal bill of exceptions on appeal. *Curless* v. *State* (1909),
172 Ind. 257; *Williams* v. *State* (1908), 170 Ind. 644.

The evidence, without conflict, showed that the sale of
liquor was made, as charged, by appellant's clerk, and the
money therefor placed in the cash drawer. It is clear under
the law, as heretofore declared, that the verdict was fully
sustained by the evidence.

No error appearing, the judgment is affirmed.

## DISSENTING OPINION.

JORDAN, J.—I emphatically dissent from so much of the
majority opinion in this case as upholds the doctrine as
stated in Black, Intox. Liq. §370, namely: "It is held to be
no defense to an indictment against the principal that the un-
lawful act was done without his knowledge or consent, or
without his authority, or in his absence, or even that it was
done in contravention of his express and *bona fide* orders."

The introductory part of said section just quoted from
is not set out in the majority opinion. If it had been, it
would have fully disclosed that the author is dealing with
statutes of sister states which have changed or modified the
common-law rule in respect to the criminal responsibility of
the principal for the acts of his agent. The section begins
as follows: "It has been already mentioned that statutes en-
acted in several of the states have modified the common-law
rule as to the criminal responsibility of a master for the acts
of his servant or agent, so as to make him answerable in cases
where he could not be held to liability without such statu-
tory provisions." Continuing the author says: "Under
these laws [referring to the statutes previously mentioned],
it is held to be no defense to an indictment against the prin-

cipal that the unlawful act was done without his knowledge or consent, or without his authority, or in his absence, or even that it was done in contravention of his express and *bona fide* orders."

In this State, however, no such statutes exist as those referred to in the section just quoted. The general rule of the criminal law is that no person shall be held criminally responsible for the act of another, unless he counsels, commands, aids or abets therein, or procures its commission. In criminal offenses under the statutes of this State which are classed as misdemeanors—to which class the one at bar belongs—no person connected with the commission of such grade of offenses is regarded or held to be an accessory, but if guilty at all, his guilt is that of a principal offender. The rule, recognized and well settled in this jurisdiction, is that a person charged with having committed a criminal offense cannot be convicted unless it be proved on the trial that he either did the unlawful act charged in the indictment or affidavit, as the case may be, or that it was done by his authority or consent, express or implied. This principle has been applied and enforced in numerous decisions of this court, arising out of alleged violations of statutes prohibiting the sales of intoxicating liquors. See *Pennybaker* v. *State* (1831), 2 Blackf. 484; *Hipp* v. *State* (1839), 5 Blackf. 149, 33 Am. Dec. 463; *Wetzler* v. *State* (1862), 18 Ind. 35; *Lauer* v. *State* (1865), 24 Ind. 131; *Anderson* v. *State* (1872), 39 Ind. 553; *Hanson* v. *State* (1873), 43 Ind. 550; *O'Leary* v. *State* (1873), 44 Ind. 91; *Thompson* v. *State* (1874), 45 Ind. 495; *Wreidt* v. *State* (1874), 48 Ind. 579; *Lathrope* v. *State* (1875), 51 Ind. 192. See, also, *Wilson* v. *State* (1898), 19 Ind. App. 389; *Rosenbaum* v. *State* (1900), 24 Ind. App. 510.

In the case of *Pennybaker* v. *State, supra,* the evidence disclosed that the wife of the accused made the unlawful sale of the intoxicating liquor in his absence and without his authority. It was held that, under the circumstances, the conviction could not be sustained.

In the case of *Hipp* v. *State, supra,* the sale of the liquor was made by the defendant's bartender, who had been left in charge of the tavern. The trial court charged the jury that defendant was guilty in like manner as though the sale had been made by himself. This charge the court held to be erroneous, and held that defendant was not criminally liable for the act of his barkeeper.

In the case of *Welzler* v. *State, supra,* the evidence showed that the liquor was sold in defendant's barroom by his barkeeper, but there was no evidence tending to show that defendant was present when the sale was made or had any knowledge whatever of the selling when it was done. The court in that case held that the evidence was insufficient to sustain the conviction.

In the case of *Lauer* v. *State, supra,* appellant was prosecuted for selling intoxicating liquors to a minor. It appeared on the trial that the sale in question was made by his barkeeper without the knowledge or consent of appellant, either express or implied. It was held in that appeal that, under the facts, the conviction could not be sustained. In the course of the opinion Frazer, J., said: "We must not hold men responsible for crimes committed by others, without some proof that they either procured, counseled or advised their perpetration."

In the case of *O'Leary* v. *State, supra,* the offense charged consisted of the sale of liquor to a person in the habit of becoming intoxicated. It was shown that the sale was by a barkeeper of appellant, in his absence, without his knowledge or consent, and against his express directions. It was held that under the facts the conviction could not be sustained.

The case of *Thompson* v. *State, supra,* arose out of the sale of liquor to a minor. The evidence disclosed that at the time the sale was made defendant was not within the State; that the liquor was sold by his barkeeper, and that it was. unauthorized by the accused. It was held that he could not be convicted.

The case of *Hanson* v. *State, supra,* was a prosecution for selling to a minor, in violation of section six of the liquor law of 1873. (Acts 1873 p. 151.) This section declared that it "shall be unlawful for any person, by himself, or agent, to sell, barter, or give intoxicating liquors to any minor," etc. In that case the bartender of defendant made the unlawful sale in his absence, and without his knowledge or consent. It was held that the conviction could not be upheld. This court in the course of its opinion by Downey, C. J., said: "It is doubtful whether the fact that the section in question expressly makes a sale by the agent criminal, as well as one made by the defendant himself, creates any material difference between this section and the sections in former laws on the subject, since it was held under such former laws that the vendor might be convicted, if it appeared that the sale was made by him through his agent, it appearing that the particular sale was authorized by him. One who sells intoxicating liquor by his agent, duly authorized thereto, must be regarded as selling it himself. *Molihan* v. *State* [1868], 30 Ind. 266."

The prosecution at bar, however, is founded upon section nine and one-half of the Nicholson law (Acts 1895 p. 248, §8334 Burns 1908). This section declares that "it shall be unlawful for any spirituous, vinous or malt liquors to be sold or given away in any drug store in any quantity less than a quart at a time, except upon the written prescription of a reputable practicing physician."

It will be noted that this section, unlike section six of the act of 1873, *supra,* contains no declaration about its being unlawful for the liquor to be sold at a drug store by the proprietor thereof or his agent. The gist of the offense under §8334, *supra,* is the selling of intoxicating liquor in less quantity than a quart at a time, without the written prescription of a reputable physician.

The rule to which we have referred, as affirmed and enforced by the decisions of our own court, is applied and enforced by the great trend of decisions of the higher courts of

sister states. See *State* v. *Hayes* (1885), 67 Iowa 27, 24 N. W. 575; *People* v. *Metzger* (1893), 95 Mich. 121, 54 N. W. 639; *Commonwealth* v. *Putnam* (1855), 4 Gray (Mass.) 16; *Commonwealth* v. *Wachendorf* (1886), 141 Mass. 270, 4 N. E. 817; *State* v. *Mahoney* (1876), 23 Minn. 181; *Commonwealth* v. *Stevens* (1891), 153 Mass. 421, 26 N. E. 992, 11 L. R. A. 357, 25 Am. St. 647; *State* v. *McGrath* (1880), 73 Mo. 181; *Seibert* v. *State* (1866), 40 Ala. 60; *State* v. *Baker* (1880), 71 Mo. 475; *Commonwealth* v. *Johnston* (1896), 2 Pa. Super. 317; *Anderson* v. *State* (1872), 22 Ohio St. 305; *Hood* v. *State* (1896), 35 Tex. Crim. 585, 34 S. W. 935; *Neideiser* v. *State* (1873), 6 Baxt. (Tenn.) 499; *State* v. *Doyle* (1886), 15 R. I. 325, 4 Atl. 764.

The case of *Commonwealth* v. *Putnam, supra,* was a prosecution of the principal for an unlawful sale of liquor made by his clerk or agent. It was held that the prosecution against the employer could not be sustained. The court in that appeal said: ''The fact that the person selling was a clerk of the defendant, and that the defendant knew of the sale, was not sufficient. He might have had knowledge and dissented, or forbidden it. There must be evidence from which the jury can infer the assent of the defendant.''

While it is true that in the case of *Groff* v. *State* (1909), 171 Ind. 547, a doubt is expressed in respect to the correctness of some things said by this court in cases arising out of the unlawful sales of intoxicating liquors made by servants or agents of their employer in his absence, and without his authority, nevertheless these cases were in no manner modified or overruled, the court only stating that it was not inclined to extend the principle therein announced in pure food cases.

The evidence in the case shows that appellant is a practicing physician and a duly licensed pharmacist or druggist; that he was the proprietor of a drug store situated in the town of Chrisney, Spencer county, Indiana; that William P. Smoot was in his employ as a clerk in his drug store; that at the

time of the alleged sale of the liquor in question appellant had, as a part of his stock of drugs, intoxicating liquors for sale, presumably for medicinal and scientific purposes. It cannot be assumed that he kept such liquors to be sold in violation of law.

The sale of the liquor out of which this prosecution arises was made by Smoot, the clerk, in the absence of appellant. The sale was made to Willis E. Clark, a detective in the employ of the anti-saloon league, who went to appellant's drug store to purchase whisky for the sole purpose of securing a prosecution.

In view of the decisions of this court, to which we have herein referred, holding that the conviction of a person charged with having made an unlawful sale of intoxicating liquor cannot be sustained where the unlawful sale was made by his agent or servant, without his authority or consent, it would be unreasonable to suppose that the legislature, in the absence of any declaration to the contrary, intended that a different interpretation should be accorded to the present liquor laws enacted since these decisions were given.

The case of *Groff* v. *State, supra,* does not support the majority holding. It is better that well-settled rules of our criminal law be inflexibly maintained, instead of bending or modifying them to sustain some particular case. It is the wrong decision of to-day which becomes the bad precedent of to-morrow.