## STATE OF INDIANA *v.* ELDRIDGE。

[No. 23,028.   Filed June 6 1917.]

1. ELECTIONS.—*Corrupt Practices Act.—Application.—Local Option Elections.*—The Corrupt Practices Act of 1911, Acts 1911 p. 288, 291, §7111a *et seq.* Burns 1914, applies to local option elections.   p. 331.

2. INDICTMENT AND INFORMATION.—*Corrupt Practices.—Omission of Names.—Sufficiency of Indictment.—Statute.*—An indictment under §7711k Burns 1914, Acts 1911 p. 288 *et seq.*, relating to corrupt practices in elections, charging the accused with providing money to pay for the expense of drink, entertainment, etc., is not defective in not naming the persons receiving the entertainment, where the indictment alleges that such names were unknown to the grand jury.   p. 331.

3. ELECTIONS.—*Corrupt Practices.—Sufficiency of Indictment.—Statute.*—An indictment under §7711k Burns 1914, Acts 1911 p. 288 *et seq.*, making it an offense to provide money for drinks, entertainment, etc., to induce the receivers of such entertainment to vote or not to vote for or against a person or proposition, is fatally defective where it alleges that the money was given to induce people to vote upon a measure but fails to include the words "for or against."   p. 331.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against Ben F. Eldridge.   From a judgment quashing the indictment, the State appeals.   *Affirmed.*

*Evan B. Stotsenburg,* Attorney-General, *Omer S. Jackson, Wilbur T. Gruber* and *M. L. Pigg,* for the State.

*John W. Lindley* and *Walter F. Wood,* for appellee.

HARVEY, J.—Appellee was indicted for violation of §7111k Burns 1914, which is §11 of the Corrupt Practices Act of 1911, Acts 1911 p. 288, 298.   The charge, in substance, is that appellee "did then and there unlawfully and feloniously before and at the time of the elec-

tion hereinafter mentioned by myself and others directly and indirectly give, provide, pay wholly and in part the expense of giving and providing meat, drink, entertainment and provisions to certain persons to the Grand Jury unknown for the purpose of influencing said certain persons, to the Grand Jury unknown, to get their votes and to vote upon a certain measure and proposition at a Special Election known as a Local Option Election, held pursuant to the laws of the State of Indiana, governing such elections, in Curry Township, County of Sullivan, State of Indiana, on May 28th, 1915; said persons whose names are to the Grand Jury unknown being about to vote or to refrain from voting at said election." Said section applies to lo-

1. cal option elections. State v. Fairbanks, (1917), —— Ind. ——, 115 N. E. 769.

The indictment is not at fault, as is asserted by appellee, in not naming the persons to whom meat, etc., was given, because it does allege that such names

2. are to the "grand jury unknown." Walters v. State (1910), 174 Ind. 545, 92 N. E. 537. Furthermore, the specific charge is not that defendant gave directly meat, drink, entertainment, etc., but that he did "give, provide, pay wholly and in part the expense of giving," etc.

The indictment is at fault in that it does not allege that such expense was paid to induce the receivers of the meat, drink, entertainment, etc., purchased

3. therewith, who intended to vote for or against the proposition to refrain from voting at all, and in that it does not allege that such expense was paid to induce the receivers of such entertainment who intended not to vote, to change their minds, and not only vote, but to vote for or against. State v. McCrocklin (1917), ante 277, 115 N. E. 929.

The indictment was properly quashed, and the judgment of the trial court is affirmed.

Note.—Reported in 116 N. E. 421. Bribery of voters as an offense, 97 Am. Dec. 716.