## GABLE *v.* STATE OF INDIANA.

[No. 23,467.   Filed December 18, 1918.]

1. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Statement of Evidence.*—*Presumption.*—The court on appeal will assume that the appellant's statement of the evidence in his brief is correct, in the absence of objection or correction by the appellee.   p. 707.

2. INTOXICATING LIQUORS.—*Violation of Statute.*—*Evidence.*—The fact that the defendant was engaged in selling beer at wholesale from stock stored on the premises is insufficient to support a finding that he had possession of the stock, or that he had the control, management or supervision thereof, or that he was operating a place where intoxicating liquor was being sold, bartered or given away in violation of §8351 Burns 1914, Acts 1907 p. 689.   p. 708.

3. INTOXICATING LIQUORS.—*Illegal Sale.*—*What Constitutes.*—Unless the defendant, who took wholesale orders for beer from private families and saloon keepers, was the owner or manager of the business or had authority to control the doings in and about the place, he cannot be held amenable for another's acts, in a prosecution under §8351 Burns 1914, Acts 1907 p. 689, although he may have known of illegal sales.   p. 708.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against Edward Gable.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Gene Williams,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for appellee.

MYERS, J.—Appellant was indicted, tried, and convicted in the Delaware Circuit Court of keeping, running, and operating a place where intoxicating liquors were sold, and of having in his possession intoxicating

liquors for the purpose of selling, bartering,. or giving. the same away in violation of §8351 Burns 1914, Acts 1907 p. 689.

Appellant's motion for a new trial was overruled, and this ruling is the only error assigned. In support of this motion the point is made, among others, that the verdict of the jury is not sustained by sufficient evidence, and that it is contrary to law. In view of our conclusion upon the evidence it will be unnecessary for us to notice any other specification.

In the absence of any objection or correction on the part of appellee, we assume that appellant's statement of the evidence in his brief is correct. From 1. the evidence so reported we learn that one Charles A. Eby at the time of the alleged offenses, and during the whole time covered by the evidence, held a wholesale liquor dealer's license covering the premises fixed by the evidence as the place where the alleged violations are supposed to have occurred. It also shows that at this place, corner of Hoyt and Eighth streets, in Muncie, beer was received in carload lots, and stored in the building at that point.

Appellant's connection with the business there conducted consisted in taking orders for this beer at wholesale from private families and saloon keepers. He made memoranda of these orders, which he delivered to the delivery wagon driver, who would fill the order from the stock in store, and deliver it to the customer. The driver of the wagon also received and filled orders for beer from customers, taken by one Finney. On return of the empty cases and kegs to the storage house, Finney would check. them and then ship the same to the brewery. The money collected by the driver for beer was turned over to appellant or Finney. The weekly wage of the driver was usually. paid by appellant from the cash in the register, or, in case appellant was not

present, he would pay himself from the cash register which was kept for the purpose of registering all money turned in.

There is no evidence whatever tending to show the name of the consignee of the beer there stored, or tending to show who owned it, or on whose account it was purchased, except the inference to be drawn from the license and the revenue stamp issued to Eby, both of which were admitted in evidence. Appellant is not shown to have exercised dominion or control of the place over others mentioned in connection with the business there carried on, save and except that it was appellant who employed the wagon driver. There is evidence tending to show that illegal sales were made on the premises, but none showing that any illegal sale was ever made by appellant, or by others at his direction, or within his presence, or that he had anything whatever to do with the kegs or bottles in that part of the room from which the alleged illegal sales were made.

The fact alone that appellant was engaged in selling beer at wholesale from the stock there stored is not enough to support a finding that he had posses-

2. sion of the stock, or that he had the control, management, or supervision of the same, or that he was keeping and operating a place where intoxi-

3. cating liquor was being sold, bartered or given away in violation of law. It is clear that, unless appellant occupied the position of owner or manager of the business, or of one having authority to control the doings in and about the place, he cannot be held amenable for another's acts, although he may have known of the illegal sales. *Boos* v. *State* (1913), 181 Ind. 562, 105 N. E. 117; *Walters* v. *State* (1910), 174 Ind. 545, 92 N. E. 537.

The verdict is without evidence to support it, and it is therefore contrary to law. Judgment reversed, with

instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 121 N. E. 113.