## OVERMYER v. STATE OF INDIANA.

[No. 13,601. Filed April 5, 1929.]

*F. Clayton Mansfield* and *O. A. Pursley*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

ENLOE, C. J.—The appellant was tried and convicted upon an indictment which charged: "That Floyd Overmyer, late of said county and state aforesaid, on the 7th day of September, 1925, at said county and state aforesaid, did then and there unlawfully sell intoxicating liquor, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The appellant duly filed his motion to quash, the fourth specification of said motion being: "That the offense attempted to be charged in said indictment fails to do so with sufficient certainty in this, to wit: That said indictment does not set out to whom said intoxicating liquor was sold, and does not set out any reason for failure to name the person to whom said intoxicating liquor was sold." The sufficiency of the said indictment in this respect is thus directly and specifically challenged.

It is the settled law of this state that an indictment charging the unlawful sale of intoxicating liquor must name the person to whom such sale was made, if known, and if he be not known, the indictment must so allege. *State* v. *Stuckey* (1829), 2 Blackf. (Ind.) 289; *State* v. *Jackson* (1835), 4 Blackf. (Ind.) 49. See, also, *State* v. *Noland* (1868), 29 Ind. 212; *Zook* v. *State* (1874), 47 Ind. 463; *Alexander* v. *State* (1874), 48 Ind. 394; *McLaughlin* v. *State* (1873), 45 Ind. 338; *State* v. *Hogreiver* (1899), 152 Ind. 652, 53 N. E. 921, 45 L. R. A. 504; *Walters* v. *State* (1910), 174 Ind. 545, 92 N. E. 537.

Cause reversed, with directions to sustain the motion for a new trial, to sustain the motion to quash indictment, and for further proceedings.